CHARLES F. LAUTENSCHLAGER (NOW DECEASED) AND WIFE, MILDRED LAUTENSCHLAGER, PLAINTIFFS v. BOARD OF TRANSPORTATION (FORMERLY NORTH CAROLINA STATE HIGHWAY COMMISSION), SUBSTITUTED DEFENDANT

No. 7417SC921

(Filed 19 March 1975)

Eminent Domain § 13— action instituted by landowner — hearing by judge without jury proper

In an action started by landowners under G.S. 136-111 where there is an alleged taking of land and no complaint and declaration of taking by the Board of Transportation, the procedures set out in G.S. 136-108 shall be followed for the determination of the matters raised by the pleadings; therefore, it was proper for the trial judge without a jury to determine whether an interest in plaintiff's property had been taken.

APPEAL by plaintiff, Mildred Lautenschlager, from *Rousseau, Judge.* Judgment entered 5 August 1974 in Superior Court, SURRY County. Heard in the Court of Appeals 21 January 1975.

Plaintiff alleges that defendant has taken her right of access to U. S. Highway 52, South of Mt. Airy.

Defendant did not file a declaration of taking and plaintiff has utilized the remedy provided by G.S. 136-111.

Over defendant's objection, Judge Rousseau undertook to determine the question of whether defendant had taken plaintiff's right of access and deferred jury trial on the issue of damages. Plaintiff had requested jury trial on issues.

After evidence from both parties the court concluded that defendant had not taken plaintiff's right of access and dismissed the action.

*Dees, Johnson, Tart, Giles & Tedder, by J. Sam Johnson, Jr., for plaintiff appellant.*

*Attorney General Edmisten, by Assistant Attorney General H. A. Cole, Jr., for defendant appellee.*

VAUGHN, Judge.

Plaintiff stressfully contends that she is entitled to a jury trial on all questions of fact.

G.S. 136-108 expressly provides that when the Board of Transportation institutes a condemnation action the judge shall hear and determine all issues raised by the pleadings other than the issue of damages.

Here the Board did not institute the action or file a declaration of taking. Where there is an alleged taking and no complaint and declaration of taking by the Board, the person who contends his land has been taken may institute the action by utilizing the authority and procedures authorized by G.S. 136-111. That statute details what the landowner must set out in his complaint and memorandum of action and also provides "The procedure hereinbefore set out shall be followed for the purpose of determining all matters raised by the pleadings and the determination of just compensation."

We hold that in an action started by the landowners under G.S. 136-111, the procedures set out in G.S. 136-108 shall be followed for the determination of the matters raised by the pleadings. It was, therefore, proper for the judge to determine whether an interest in plaintiff's property had been taken.

Plaintiff's remaining assignments of error have been considered and are overruled. The material findings of fact are supported by competent evidence. The facts found support the judgment.

Affirmed.

Judges MARTIN and ARNOLD concur.