IN THE MATTER OF JOSEPH T. BERTA v. NORTH CAROLINA STATE HIGHWAY COMMISSION

No. 7729SC665

(Filed 20 June 1978)

**Eminent Domain §§ 13.2, 15 — inverse condemnation proceeding — land conveyed — original owner only compensated — time for intervention**

      The trial court did not err in denying appellants' motion to intervene in an inverse condemnation proceeding instituted by a landowner who conveyed a portion of the land in question to appellants subsequent to institution of the proceedings, since: (1) the "taking" of the land in question by defendant had already occurred prior to the property owner's institution of the proceeding under G.S. 136-111 and appellants therefore were not deprived of any compensable interest in the real property; and (2) appellants' motion to intervene filed more than three and one-half years after they received their deed was not timely, the trial court having already conducted the hearing at which all issues other than damages had been determined. G.S. 136-108.

APPEAL by intervenors from *Martin (Harry C.), Judge*. Order entered 24 June 1977 in Superior Court, POLK County. Heard in the Court of Appeals 23 May 1978.

Prior to 30 October 1968, plaintiff, Joseph T. Berta, was the owner of 155.95 acres of land (Berta land) in Polk County. In the fall of 1968 defendant began construction of Interstate Highway 26 (I-26) upon its right-of-way, a portion of which is located north of and at a higher elevation than the Berta land. On 30 October 1968, a heavy rainfall washed large quantities of soil, sand, gravel and other materials which had been excavated on defendant's right-of-way into four watercourses which flow onto the Berta land. Due to the removal of vegetation from the right-of-way and the construction of the highway, the flow of surface water was increased to such volume that large amounts of silt were washed down, filling the watercourses and pond on the Berta land and overflowing and silting the land itself.

On 11 September 1970, plaintiff filed a complaint alleging inverse condemnation pursuant to G.S. 136-111. He also filed in the register of deeds office a Memorandum of Action which described the Berta land and set forth the interest in said lands which plaintiff alleged had been taken by the construction of I-26.

On 20 November 1970, defendant filed an answer denying that it had taken a compensable interest in the Berta land and moved for a continuance until the completion of the highway. The motion for continuance was allowed.

On 17 October 1973, plaintiff conveyed 28.94 acres of the Berta land detrimentally affected by the construction of I-26 to the appellants, Nellie Bowler and husband, William Bowler.

On 10 May 1977, after substantial completion of the highway, a hearing was held pursuant to G.S. 136-108 to determine all issues other than damages raised by the complaint and answer. Based on detailed findings of fact, Judge Martin concluded as a matter of law:

> 2. As to plaintiff's 155.95 acre tract of land, the construction of Interstate Highway 26 by the defendant has proximately caused the widening, deepening, straightening and changing of location of the watercourses located thereupon; the flooding and silting over of areas adjacent to said water-

courses and the pond located thereupon; and other permanent damages to said property as previously described in the Findings of Fact. The construction of Interstate Highway 26, a facility permanent in nature, . . . constitutes the taking of a compensable interest in land entitling the plaintiff to recover therefor just compensation under the Constitution and laws of the State of North Carolina.

3. The date of taking for the purpose of determining the damages in this cause is October 30, 1968.

The issue of damages was then scheduled for trial on 16 May 1977. On 12 May 1977, appellants moved to intervene on the grounds that 28.94 acres of the land detrimentally affected by the construction of I-26 had been conveyed to them. On 24 May 1977, Judge Martin entered an order denying the motion to intervene based on the following conclusions of law:

1. The Complaint and Memorandum of Action filed in this cause constitute record notice as of 11 September 1970 of the alleged taking by defendant in this action of an appurtenant right in the nature of an easement to maintain a continuing permanent nuisance as to the BERTA LAND, constituting the taking of a compensable interest in said land entitling the plaintiff, as of October 1968 to recover therefor just compensation under the Constitution and law of the State of North Carolina pursuant to Chapter 136 of the General Statutes of North Carolina.

2. Petitioners acquired the aforementioned 28.94 acres of real property subject to the aforementioned right of the part of the defendant to maintain a continuing permanent nuisance as to said property, said right being the nature of an easement, and subject to the right of the plaintiff to be paid just compensation therefor.

3. Petitioners have not been deprived by defendant of any compensable interest in real property.

4. Petitioners have no interest recognized at law or equity in the subject matter of this action.

On 16 May 1977 a memorandum of judgment allowing the Berta estate (plaintiff having died during the interim) compensa-

tion in the amount of $107,250.00 was filed and on 27 June 1977 a consent judgment between plaintiff's estate and defendant was entered ordering that said compensation be paid to plaintiff's estate.

Appellants excepted to the conclusions of law in the 24 May 1977 order, the memorandum of judgment and the consent judgment and appealed.

*Attorney General Edmisten, by Special Deputy Attorney General James B. Richmond, for the State.*

*Poyner, Geraghty, Hartsfield & Townsend, by Cecil W. Harrison, Jr., for plaintiff appellee, estate of Joseph T. Berta.*

*Prince, Youngblood & Massagee, by James E. Creekman, for intervenor appellants, Nellie Bowler and husband, William Bowler.*

BRITT, Judge.

Did the trial court err in denying appellants' motion to intervene in this action? We hold that it did not.

Appellants concede that if this action had been instituted by defendant pursuant to G.S. 136-104, they would have no right to intervene since that statute provides that title vests in the Board of Transportation when it files the complaint and declaration of taking and deposits the estimated amount of compensation with the court.

They argue, however, that when the action is for inverse condemnation under G.S. 136-111, the statute controlling this case, title does not vest in the Board of Transportation until final judgment is entered and the amount of compensation is paid; and that inasmuch as their motion to intervene was filed before final judgment was entered and compensation paid, the motion should have been allowed.

The litigants do not cite, and our research does not disclose, any authority from this jurisdiction that provides a direct answer to the question raised. Appellants point out that while G.S. 136-104 expressly provides for the vesting of title in the Board of Transportation upon compliance with the provisions thereof, G.S. 136-111 is silent as to when title vests in said Board when the pro-

ceeding is under it; and that since defendant in this case denied a "taking", that title could not have passed to defendant until final judgment and the payment of compensation.

Appellants strongly rely on certain language in *Caveness v. Railroad*, 172 N.C. 305, 90 S.E. 244 (1916), an inverse condemnation case under statutes which were similar to those now codified in G.S. Chapter 40. They quote language from *Caveness* declaring that a grantee of a party instituting an inverse condemnation proceeding may be entitled to the compensation if the grantee asserts his right by action or *appropriate proceedings in the cause*. Appellants contend their motion to intervene was an "appropriate proceeding" in this cause.

Defendant argues that the concept of condemnation by the Board of Transportation under G.S. Chapter 136 is entirely different from that envisioned by G.S. Chapter 40 and its predecessor statutes. Defendant argues that under Chapter 40 the condemnor *seeks* to take property and can avoid acquiring title by abandoning the proceeding if the property proves to be too expensive or otherwise undesirable, citing *Light Co. v. Manufacturing Co.*, 209 N.C. 560, 184 S.E. 48 (1936). On the other hand, defendant argues, if the Board institutes the proceeding under G.S. 136-104, a "taking" occurs simultaneously with the institution of the proceeding; and, if the property owner institutes the proceeding under G.S. 136-111, a "taking" is envisioned as having already occurred. With respect to the concept of Chapter 136, we find this argument persuasive.

At the time of the institution of this action, G.S. 136-111 provided in pertinent part:

"Any person whose land or compensable interest therein HAS BEEN TAKEN by an intentional or unintentional act or omission of the Highway Commission and no complaint and declaration of taking HAS BEEN FILED by said Highway Commission may, within 24 months of the date of said taking, file a complaint in the Superior Court setting forth" (his claim for compensation). (Emphasis supplied.)

In his complaint in the case at hand plaintiff alleged certain intentional or unintentional acts or omissions on the part of defendant that constituted a "taking" of his land. As was said in

*Midgett v. Highway Commission*, 260 N.C. 241, 249, 132 S.E. 2d 599 (1963), "[o]nce the cause of action has occurred by the infliction of damage to the property, the taking is a *fait-accompli.*"

In 2 Nichols, Eminent Domain (Rev. 3 ed.), § 521, we find:

> "If a parcel of land is sold after a portion of it has been taken (or after it has been injuriously affected by the construction of some authorized public work), the right to compensation, constitutional or statutory, does not run with the land but remains a personal claim in the hands of the vendor, unless it has been assigned by special assignment or by a provision in the deed. It is immaterial that the question of compensation is deferred. . . ."

In 29A C.J.S., Eminent Domain, § 202, we find:

> "Damages for the taking of land or for the injury to land not taken belong to the one who owns the land at the time of the taking or injury, and they do not pass to a subsequent grantee of the land, except by a provision to that effect in the deed or by separate assignment. . . ."

*See also Brooks Inv. Co. v. City of Bloomington*, 305 Minn. 305, 232 N.W. 2d 911 (1975).

We hold that the trial judge properly concluded that appellants had not been "deprived by defendant of any compensable interest" in the real property in question and that they have "no interest recognized at law or equity in the subject matter of this action".

We also find persuasive plaintiff's argument that appellants' motion to intervene was not timely. G.S. 1A-1, Rule 24, is the rule of Civil Procedure relating to intervention. With respect to intervention of right and permissive intervention, the rule requires "timely application."

The provisions of G.S. 136-108 apply to condemnation proceedings under G.S. 136-111 as well as under G.S. 136-104. *Lautenschlager v. Board of Transportation*, 25 N.C. App. 228, 212 S.E. 2d 551 (1975), *cert. denied*, 286 N.C. 260, 214 S.E. 2d 431 (1975). G.S. 136-108 provides: "After the filing of the plat, the judge, upon motion and 10 days notice by either the Board of Transportation or the owner, shall, either in or out of term, hear

and determine any and all issues raised by the pleadings other than the issue of damages, including, but not limited to, if controverted, questions of necessary and proper parties, title to the land, interest taken and area taken." This statute contemplates two hearings, one on the issue of damages and another on all other issues.

Appellants, after receiving their deed on 17 October 1973 delayed the filing of their motion to intervene until 12 May 1977. At that time the court had already conducted the hearing to determine *all issues* other than the question of damages and trial of that single remaining issue had been scheduled for 16 May 1977.

We hold that appellants' application to intervene was not timely. G.S. 1A-1, Rule 24.

The order appealed from is

Affirmed.

Judges ARNOLD and ERWIN concur.