STATE EMPLOYEES' CREDIT UNION, INC., PLAINTIFF v. WILLIAM M. GEN-
TRY, DEFENDANT, AND DEAN WITTER REYNOLDS, GARNISHEE, AND IN-
TERSTATE SECURITIES CORPORATION, APPEARING IN SUPPORT OF ITS MO-
TION TO INTERVENE

No. 8410SC1035

(Filed 18 June 1985)

1. **Parties § 6— intervention by attaching creditor—notice of levy insufficient—no right to intervene**

Intervenor Interstate Securities did not have an unconditional right to intervene under G.S. 1-440.33(g) where the "notice of levy" served upon the garnishee by Interstate was insufficient process to accord Interstate the status of an attaching creditor. G.S. 1-440.1 *et seq.*, G.S. 1-440.43(2) (1983).

2. **Rules of Civil Procedure § 24; Parties § 6— intervention—motion filed after entry of default—pleading filed eleven days after judgment**

Interstate's motion to intervene was untimely where the motion was filed after entry of default against defendant and the pleading required by Rule 24(c) was not filed until eleven days after judgment by default had been entered in the principal action.

3. **Parties § 6— motion to join attaching creditors—improper intervention by one of two creditors—motion moot**

The trial court did not err by finding that garnishee Dean Witter's motion to join all attaching creditors was moot where Interstate had not properly intervened. There was no issue of superiority of liens between plaintiff and Interstate and relief granted under the garnishee's G.S. 1-440.33(g) motion to make parties to the action all attaching creditors would have been meaningless because there was only one attaching creditor. Moreover, delivery of personal property held by a garnishee to a sheriff, armed with the appropriate judicial process, exonerates the garnishee as to the personal property delivered. G.S. 1-440.28(c) (1983).

APPEAL by intervenor from *Herring, Judge.* Order and amended order entered 31 May 1984 and 30 August 1984 in WAKE County Superior Court. Heard in the Court of Appeals 8 May 1985.

The State Employees' Credit Union, Inc. (hereinafter Credit Union) instituted this action seeking damages in the amount of $45,902.15 against defendant, William M. Gentry, Jr. On 27 January 1984, the Credit Union obtained a summons and an order extending the time to file a complaint. The Credit Union also sought and obtained an order of attachment, a summons to garnishee, and a notice of levy. Copies of the summons to garnishee, the order of attachment, and the notice of levy were served on Dean Witter Reynolds, Inc. (hereinafter Dean Witter) garnishee in this action on 2 February 1984. Dean Witter filed an answer on 8 March 1984, admitting that it was in possession of funds belonging to Gentry in the amount of $19,156.53.

On 3 February 1984, Interstate Securities Corporation (hereinafter Interstate) obtained a confession of judgment in a separate action against Gentry for $38,565.20. On 26 March 1984, Interstate served a notice of levy on the funds held by Dean Witter. After receiving Interstate's notice of levy, Dean Witter filed a motion under N.C. Gen. Stat. § 1-440.33(g) (1983) for an order to make all attaching creditors parties to this action. Dean Witter also filed a motion to deposit the funds belonging to Gentry into the court.

Gentry failed to file a defensive pleading within the time allowed, and on 25 April 1984 the Credit Union obtained an entry of default.

On 1 May 1984, Interstate filed a motion to intervene in this action under N.C. Gen. Stat. § 1A-1, Rule 24(a)(2) of the Rules of Civil Procedure (1983).

On 7 May 1984, the trial court entered a default judgment against Gentry. On that same day, the trial court also entered a judgment against Dean Witter ordering the garnishee to deliver to the sheriff of Wake County all funds in its possession belonging to Gentry.

On 18 May 1984, Interstate filed a complaint in intervention.

On 31 May 1984, Interstate's motion to intervene and Dean Witter's motions to join all attaching creditors and to deposit funds into the court were heard. After a hearing on all the motions, the trial court denied Interstate's motion to intervene and decreed that Dean Witter's motions were moot. From the order and amended order denying its motion to intervene and declaring Dean Witter's motions moot, Interstate appealed.

*Bailey, Dixon, Wooten, McDonald, Fountain & Walker, by John N. Fountain and J. Scott Merrell, for State Employees' Credit Union.*

*Manning, Fulton & Skinner, by Charles E. Nichols, Jr., for Dean Witter Reynolds.*

*Moore, Van Allen, Allen & Thigpen, by William D. Dannelly and C. Steven Mason, for Interstate Securities Corporation.*

WELLS, Judge.

We note at the outset that the intervenor has failed to identify the various exceptions upon which its assignments of error are based as required by Rule 28(b)(5) of the Rules of Appellate Procedure. Pursuant to Rule 2 of the Rules of Appellate Procedure, we deem it appropriate to dispose of this appeal on the merits.

[1] Interstate first contends that the trial court committed reversible error in denying its motion to intervene. Specifically, Interstate contends that it had a mandatory right to intervene in the proceedings. We disagree.

Interstate argues first that G.S. § 1-440.33(g) confers on it an unconditional right to intervene. The material portion of G.S. § 1-440.33(g) declares that:

> If more than one order of attachment is served on a garnishee, the court from which the first order of attachment was issued shall, upon motion of the garnishee or of any of the attaching creditors, make parties to the action all of the attaching creditors, . . .

Clearly, this provision applies where more than one order of attachment has been served on the garnishee and when the person making a motion under this section is either the garnishee or an

attaching creditor. Generally, an attaching creditor is one who has caused an attachment to be issued and levied on the property of the debtor. Black's Law Dictionary at 332 (5th ed. 1979). N.C. Gen. Stat. § 1-440.12 (1983) governs the issuance of an order of attachment. When read in *pari materia* with N.C. Gen. Stat. §§ 1-440.10 and 1-440.11 (1983), this section directs the court to issue an order of attachment when the requisite affidavit and bond have been filed. Further, in order to levy on property of the debtor in the possession of a garnishee, the sheriff must deliver to the garnishee a copy of the order of attachment, the summons to garnishee, and the notice of levy. N.C. Gen. Stat. § 1-440.25 (1983).

In this case, Interstate did not comply with the statutory procedures. The "notice of levy" served upon the garnishee by Interstate was insufficient process to accord Interstate the status of attaching creditor. *See* N.C. Gen. Stat. § 1-440.12 (1983); G.S. § 1-440.25. It was incumbent on Interstate, if it desired to establish a lien by attachment or an interest in the attached property, to put its claim in issue by filing a proper claim in accordance with N.C. Gen. Stat. § 1-440.1 *et seq.* or § 1-440.43(2) (1983). That Interstate failed to employ either of these well-defined mechanisms is unquestioned. Consequently, Interstate's contention that it can intervene as an attaching creditor under G.S. § 1-440.33(g) fails.

[2] Interstate argues next that it had a right to intervene in these proceedings under Rule 24(a)(2) of the Rules of Civil Procedure.

Rule 24(a)(2) provides in relevant part:

> (a) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action:
>
> . . .
>
> (2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Assuming, *arguendo*, that Interstate has met the prerequisites of Rule 24(a)(2) as to interest in the property, the dis-

positive consideration is timeliness. Timeliness is the threshold question to be considered in any motion for intervention. *Comment* to Rule 24(a) of the Rules of Civil Procedure; *Corley v. Jackson Police Dept.*, 755 F. 2d 1207 (5th Cir. 1985). Whether a motion to intervene is timely is an issue addressed to the sound discretion of the trial court and its resolution will depend on the circumstances of the case. *Comment* to Rule 24(a) of the Rules of Civil Procedure; *Spring Constr. Co., Inc. v. Harris*, 614 F. 2d 374 (4th Cir. 1979). In determining whether a motion to intervene is timely, a trial court will give consideration to: the status of the case; the unfairness or prejudice to the existing parties; the reason for the delay in moving for intervention; the resulting prejudice to the applicant if the motion is denied; and any unusual circumstances. *NAACP v. New York*, 413 U.S. 345 (1973); *South v. Rowe*, 102 F.R.D. 152 (N.D. Ill. 1984), *aff'd in part, rev'd in part*, 759 F. 2d 610 (7th Cir. 1985).

As a general rule, motions to intervene made prior to trial are seldom denied. Conversely, motions to intervene made after judgment has been rendered are disfavored and are granted only after a finding of extraordinary and unusual circumstances or upon a strong showing of entitlement and justification. *U.S. v. Association Milk Producers, Inc.*, 534 F. 2d 113 (8th Cir.), *cert. denied, National Farmers' Organization, Inc. v. U.S.*, 429 U.S. 940 (1976); *Black v. Central Motor Lines, Inc.*, 500 F. 2d 407 (4th Cir. 1974). The situation is less clearly defined when motions to intervene are made after a trial or a hearing on the issues, and before a final judgment is rendered.

Although there is a paucity of North Carolina cases defining the parameters of timeliness under Rule 24, we believe that our decision in *Berta v. Highway Comm.*, 36 N.C. App. 749, 245 S.E. 2d 409 (1978) sheds some light on the issue of timeliness in this case. In *Berta*, an applicant filed a motion to intervene in an inverse condemnation proceeding after the court had conducted a hearing to determine all issues other than damages. Trial on the single issue of damages had already been scheduled. The court held that under these circumstances applicant's motion to intervene was not timely. *Berta v. Highway Comm., supra.*

In this case, Interstate filed a motion to intervene after entry of default against defendant. N.C. Gen. Stat. § 1A-1, Rule 55 of

the Rules of Civil Procedure (1983) which governs the entry of default and judgment by default, contemplates a two-step procedure in order to take a judgment by default. The entry of default, which is the first step, is interlocutory in nature and is not a final judicial action. *Battle v. Clanton*, 27 N.C. App. 616, 220 S.E. 2d 97 (1975), *disc. rev. denied*, 289 N.C. 613, 223 S.E. 2d 391 (1976). Nevertheless, when default was entered, the substantive allegations raised by the Credit Union complaint were no longer at issue, and for the purpose of the entry of default and default judgment, were deemed admitted. *See Bell v. Martin*, 299 N.C. 715, 264 S.E. 2d 101, *reh'g denied*, 300 N.C. 380 (1980). The entry of default therefore conclusively established Gentry's liability to the Credit Union. The extent of that liability has never been at issue. We also note that the motion to intervene was defective in that it was not accompanied by a pleading in accordance with Rule 24(c). *Kahan v. Longiotti*, 45 N.C. App. 367, 263 S.E. 2d 345 (1980), *overruled on other grounds, Love v. Moore*, 305 N.C. 575, 291 S.E. 2d 141 (1982). The record reveals that the requisite pleading was not filed until eleven days after judgment by default had been entered in the principal action. We therefore conclude that Interstate's motion to intervene after entry of default was untimely.

In summary, we hold that under the facts and circumstances presented by this case, Interstate did not have a statutory right to intervene under G.S. § 1-440.33(g) and that its motion to intervene under Rule 24(a) was untimely. Accordingly, this assignment of error is overruled.

[3] Interstate contends next that the trial court erred in finding that Dean Witter's motion to join all attaching creditors was moot. We disagree. More specifically, Interstate contends that the motion to join all attaching creditors was not moot because the issue of whether its lien was superior to the lien of the Credit Union remains unresolved. We reject this contention. For reasons already stated, Interstate did not have a lien on the personal property held by Dean Witter. Thus, there was no issue of superiority of liens as between Credit Union and Interstate. Dean Witter's motion to join all attaching creditors was inapposite and therefore was moot from the outset.

Interstate also argues that the motion to join all attaching creditors was not moot because, the relief sought, to exonerate Dean Witter as to all claims of competing creditors, was not granted. In our view, Interstate misconstrues the relief sought by Dean Witter's motion. The relief sought by a motion under G.S. § 1-440.33(g) is to make parties to the action all attaching creditors. As we have already stated, there was only one attaching creditor in this action. Consequently, any relief that might have been granted under this statute would have been meaningless. Further, contrary to Interstate's contentions, delivery of personal property held by a garnishee to a sheriff, armed with the appropriate judicial process, exonerates the garnishee as to the personal property delivered. N.C. Gen. Stat. § 1-440.28(c) (1983). This argument is, likewise, rejected. Accordingly, we hold that the trial court did not err in finding that Dean Witter's motion to join all attaching creditors was moot.

For the reasons stated, the order and the amended order appealed from are

Affirmed.

Judges BECTON and EAGLES concur.