**In re ASSET CONTROL COMPANY OF NORTH CAROLINA, Debtor.**

**Bankruptcy No. 88–01287.**

United States Bankruptcy Court, D. South Carolina.

Aug. 10, 1988.

K.D. Sturgis, Asst. Atty. Gen., Randy L. Miller, Associate Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., for State of N.C.

Kenneth Hamilton, Sumter, S.C., for debtor.

Michael M. Beal, McNair Law Firm P.A., Columbia, S.C., for creditor Charles H. Powers.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Chief Judge.

Before the court are two motions of the Attorney General for the State of North Carolina (the state): one motion is for relief from the automatic stay pursuant to 11 U.S.C. § 362(b)(4)[1], or, in the alternative, for relief from the automatic stay under § 362(d); and the other motion is for abandonment pursuant to § 554(b).

---

**1.** Further references to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) are by section numbers only.

Asset Control Company of North Carolina (the debtor) and Charles H. Powers, a creditor, filed objections to the state's motions.

## FACTS

1. On January 6, 1987, the state filed in a state court in North Carolina a civil suit against the debtor for violation of the state's prohibitions against usurious lending and unfair or deceptive commercial practices. Following the entry of a temporary restraining order, a preliminary injunction was entered and remains in force. The state was subsequently allowed to amend its complaint to bring in its Commissioner of Banks as a plaintiff and the debtor's officers and directors, including George Edgar Joyner, Jr., and Charles H. Powers, as well as its local managers and affiliated companies, as defendants.

2. In its suit, the state contends that the defendants engaged in a consumer loan business through used car dealerships in Raleigh, Durham, Greensboro and Charlotte, North Carolina whereby they would lend amounts, typically up to $1,000. at a minimum interest rate of 240 percent *per annum* in violation of N.C.Gen.Stat. § 24–1.1 (which allows a maximum interest rate on loan contracts of 16 percent *per annum*) and N.C.Gen.Stat. §§ 53–166 and 176. As security for the loan, the defendants would hold the borrower's motor vehicle title along with a signed but, otherwise, blank power of attorney. In some instances, the defendants would record a lien on the borrower's title; and upon the borrower's failure to repay his loan, the defendants would seize his car, sell it, and retain all of the proceeds.

Pursuant to N.C.Gen.Stat. § 53–166(d), the state contends that the loan contracts are void *ab initio,* and that the defendants are not entitled to collect or retain either interest, or principal, or to hold any property as a lien or security therefor.

In its North Carolina civil lawsuit, the state has requested the following relief: an injunction, forfeiture of the loan principal and interest, return of the borrowers' property, civil penalties and attorney's fees, as well as the dissolution and liquidation of the debtor to be carried out under state law by a receiver.

3. On March 17, 1988, a default judgment was entered against the debtor for its failure to answer the complaint.

4. The debtor, on April 28, 1988, filed a petition for relief pursuant to chapter 7 of the Bankruptcy Code.

5. George Edgar Joyner, Jr. owns 50 percent of the debtor's common stock and Charles H. Powers (Powers) owns the remaining 50 percent of the debtor's common stock; and each has served as the president of the debtor and as a director of the debtor.

6. On the basis of unsecured promissory notes, Powers loaned to the debtor approximately $650,000. which the debtor in turn loaned to consumers. A large portion of the promissory notes have been converted to preferred stock.

7. The only assets which appear on the debtor's schedule are office equipment and supplies that are valued at $1,000. The debtor's schedules indicate that the debtor holds a contingent and unliquidated claim in "approximately one thousand pawn contracts rendered void by State of North Carolina", which claim is valued as "N/A".

8. The debtor's schedules list Powers as a secured creditor holding a claim of $87,000 without describing the security for the debt except for the statement that the debt was incurred pursuant to "promissory notes". The schedules also list Powers as an unsecured creditor with a claim of $500,000. on the basis of "promissory notes preferred stock". Other unsecured debts scheduled by the debtor include a $40,000. default judgment for attorney's fees incurred in the defense of the state's suit, and $400,000. which the debtor estimates the state seeks, in its suit, by way of civil penalties and restitution for deceptive trade practices.

9. The City of Raleigh has impounded many of the motor vehicles that were once in the debtor's possession but were abandoned by the debtor after it was evicted from its place of business.

10. In its motion for relief from the automatic stay, the state seeks a declaration, pursuant to § 362(b)(4), that the automatic stay does not apply to the state in the pursuit of its state court action, or, in the alternative, for relief from the stay pursuant to § 362(d), so that, in either event, it can obtain a final judgment in the state court action: (1) declaring the automobile loan contracts void; (2) releasing any property or security interest unlawfully acquired by the debtor as a result of the void contracts; (3) fixing the amount of restitution, civil penalties, and attorney's fees; and (4) granting injunctive relief. The state, in addition, requests this court to order the trustee to abandon motor vehicle titles, motor vehicles, and other personal property not listed in the petition for relief, in order that they may be returned to their rightful owners.

The state does not request relief from the stay in order to pursue dissolution and liquidation of the debtor pursuant to state law. Nor does the state seek to collect a money judgment.

## QUESTIONS

1. Is the state's civil action against the debtor, pursuant to § 362(b)(4), exempt from the automatic stay afforded by § 362?

2. If the state's civil action is not exempt, should relief from the stay, pursuant to § 362(d), be granted?

3. Should the court grant the state's motion to require the trustee to abandon, pursuant to § 554, certain property of the estate and other property, not owned by the debtor but in its possession, which is listed in an exhibit accompanying the motion which was filed on June 10, 1988.

## DISCUSSION

### I

### § 362(b)(4)

Section 362(b)(4) provides that the filing of a petition for relief does not operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power."

The articulated purpose of Congress in adopting § 362(b)(4) is:

Paragraph (4) [of Section 362(b)] excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a government unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety or similar police or regulatory laws, or attempting to fix damages for violation of such law, the action or proceeding is not stayed under the automatic stay.

Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of a money judgment would give it preferential treatment to the detriment of all other creditors.

S.Rep. No. 95–989, 95th Cong., 2d Sess. 52 (1978); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343 (1977) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5838, 6299. (emphasis added).

In *EEOC v. McLean Trucking Company,* 834 F.2d 398 (4th Cir.1987) (hereinafter *McLean*), the United States Court of Appeals for the Fourth Circuit, in an action by the Equal Employment Opportunity Commission (EEOC) to obtain an injunction and recover back pay, held that the EEOC, pursuant to § 362(b)(4), was exempt from the provisions of the automatic stay. In its decision in *McLean*, the Fourth Circuit followed, in large part, *General Tire Co. of the Northwest v. EEOC,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), a decision in which the Supreme Court rejected the argument that the EEOC was merely protecting private interests, and stated,

"When the EEOC acts, albeit at the behest of and for the benefit of private individuals, it also acts to vindicate the public interest in preventing employment discrimination." 446 U.S. at 326, 100 S.Ct. at 1704.

There can be no doubt that the state is a governmental unit. The question is whether the state's suit is brought to enforce the state's "police or regulatory power."

In light of the language of § 362(b)(4), the legislative history, and the noted case law, the state's suit against the debtor for alleged violations of North Carolina consumer protection and usury laws, appears to fall within the exception to the automatic stay provided by § 362(b)(4).

As in *General Tire*, the state's suit not only benefits specific individuals but furthers an articulated public interest in preventing and deterring unfair or deceptive commercial conduct and usurious lending practices. *See* N.C.Gen.Stat. § 24–1.1.

The objection raised by Powers—that a law enforcement action seeking a money judgment is not exempt from the stay— cannot be sustained. The language of § 362(b)(4) and its legislative history, above quoted, demonstrate the intent of Congress to allow such an action to proceed to judgment. Moreover, *McLean* establishes that a governmental entity's action to enforce its policy or regulatory power is exempt from the automatic stay *"until its prayer for monetary relief is reduced to judgment."* 834 F.2d 402 (emphasis added).

Powers cites *In the Matter of Commonwealth Cos., Inc.*, 80 B.R. 162 (Bankr.D. Neb.1987) to support his objection; however, that case is distinguishable from the case at bar in that, in the case at bar, the state is seeking not to protect its own pecuniary interest but is seeking to prevent unfair or deceptive commercial conduct and usurious lending practices, a well defined public interest.

Nor is Powers' citation of *Missouri v. U.S. Bankruptcy Court*, 647 F.2d 768 (8th Cir.1981), *cert. denied*, 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982) on point. Here, the state does not seek to go forward with the liquidation of the debtor in state court. To the contrary, the state concedes the bankruptcy court's jurisdiction regarding the disposition of the debtor's assets.

Finally, the court finds no merit in the debtor's claim that, unless the stay applies and remains in effect, there is no way that its creditors will be paid. The debtor's chapter 7 schedules list creditors' claims in excess of $1,000,000. but list, as the only assets of the debtor, used office equipment with a total value of $1,000.

The debtor's assertion that a holding by this court that the state's suit is exempt from the stay will adversely affect the creditors has no factual basis.

Accordingly, the state's suit to enforce, against the debtor, its police or regulatory power, is, pursuant to § 362(b)(4), exempt from the provisions of the automatic stay.

## II

### § 362(d)

Having so found, it is not necessary to determine whether the state should be granted relief from the stay pursuant to § 362(d).

## III

### § 554

The trustee has consented to the state's motion to abandon, pursuant to § 554, certain property of the estate and other property not owned—but held—by the debtor. That property is described in an exhibit accompanying the state's motion to abandon which was filed on June 10, 1988.

"Property rights are created and defined by state law...." *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). In the state's claim against the debtor, where the question of the validity of its interest in this property is raised, the debtor has defaulted and is now barred as a matter of law from contesting the state's claim that it has no interest. N.C.Gen.Stat. § 1A–1, Rule 55(a); *State Employees Credit Union, Inc. v. Gentry*, 75 N.C.App. 260, 330 S.E.2d 645 (1985).

  The debtor concedes in its chapter 7 petition for relief that it neither owns nor has an interest in the approximately 70 vehicles and 1,000 vehicle titles in its possession. The debtor's schedules list: (1) "automobiles held as pawn"; (2) the titles as "held as pawn"; (3) the value of the debtor's interest in the vehicles and titles as "N/A"; and (4) the loan contracts pursuant to which the debtor holds the property as "void".

There being no other evidence presented on the issue of abandonment, it appears that the property which the state seeks to have abandoned, pursuant to § 554(b), "is of inconsequential value and is burdensome to the estate," and accordingly, should be abandoned. § 554(b).

### CONCLUSION

For the reasons given, the state's civil suit against the debtor appears, pursuant to § 362(b)(4), to be exempt from the automatic stay except insofar as the suit seeks dissolution and liquidation of the debtor under state law and except to the extent that it seeks to collect a money judgment; and, the state's motion, pursuant to § 554(b), to require the trustee to abandon certain property described in that motion, should be granted because that property appears to be of inconsequential value and benefit to the estate.

### ORDER

Therefore, IT IS ORDERED, ADJUDGED AND DECREED that:

1. The state's civil suit against the debtor and others is, pursuant to § 362(b)(4), exempt from the provisions of the automatic stay except insofar as the suit seeks dissolution and liquidation of the debtor under state law, and except to the extent that it seeks to collect a money judgment; and

2. The state's motion, pursuant to § 554(b), to require the trustee to abandon the property described in that motion, is granted because that property is of inconsequential value and benefit to the estate, and the trustee is hereby directed to abandon said property.