LOMAN GARRETT, INC. v. TIMCO MECHANICAL, INC.

No. 8818SC484

(Filed 18 April 1989)

**Rules of Civil Procedure § 24— motion to intervene in garnishment—
denied—no error**

The trial court did not err in a proceeding to determine
plaintiff's right to property garnished from defendant's account
debtor by denying a third party bank's motion to intervene
for lack of timeliness where the bank sought to intervene
at the time of a hearing at which the trial court was ready
to resolve the matter before it based on the pleadings and
affidavits submitted by the parties; plaintiff's second complaint
had been filed and served on counsel for defendant in October
of 1987; the same counsel had been representing the interests
of the bank and the bank's debtor since before 3 June 1987
and was at all times since that date aware of the attachment
proceedings; and counsel for the bank had ample opportunity
to intervene at any time after the filing of plaintiff's complaint.

APPEAL by Intervenor Texas Commerce Bank National Associa-
tion from Order of *Judge James A. Beaty, Jr.*, entered 4 February
1988 in GUILFORD County Superior Court. Heard in the Court of
Appeals 30 November 1988.

*Tuggle Duggins Meschan & Elrod, P.A., by Robert C. Cone
and Harold A. Lloyd, for plaintiff appellee.*

*Poyner & Spruill, by Louis B. Meyer, III, David M. Barnes
and Mary Beth Johnston, for intervenor appellant.*

COZORT, Judge.

Unsuccessful intervenor appeals from the trial court's denial
of its motion to intervene in a proceeding to determine plaintiff's
right to property garnished from defendant's account debtor. We
affirm the trial court's ruling.

Plaintiff first filed suit against defendant in January of 1987.
That action resulted in a voluntary dismissal, although, ancillary
to that action, plaintiff had garnished a $20,576.60 debt owed de-
fendant by a Virginia corporation. Those garnished funds were
being held by the Clerk of Superior Court for Guilford County

**LOMAN GARRETT, INC. v. TIMCO MECHANICAL, INC.**

[93 N.C. App. 500 (1989)]

when plaintiff filed a second action on 14 October 1987. As before, plaintiff sought to recover $29,330.90 owed for heating and air conditioning equipment purchased by defendant on an open account with plaintiff. Plaintiff further sought, as it had before, an order of attachment based on defendant's status as a foreign corporation and defendant's intention to remove its assets from this State. Defendant filed answer on 4 December 1987. Later that month plaintiff made a motion for summary judgment; hearing on that motion was set for 1 February 1988.

On 29 January 1988, Texas Commerce Bank National Association, a Texas corporation (hereinafter "the Bank" or "appellant"), filed a Motion to Intervene and Dissolve Garnishment and Levy. The Bank alleged that it had a perfected security interest in defendant's accounts, including the account represented by the garnished funds being held by the Clerk of Superior Court; that the security interest in defendant's accounts had been given by defendant as collateral for a $600,000.00 loan; and that defendant was in default of that loan in the amount of $239,070.36. The Bank did not serve plaintiff with a copy of its motion in advance of the hearing on plaintiff's motion for summary judgment. However, counsel for plaintiff consented to the Bank's motion being heard. Noting that the Bank was represented by the same counsel as represented defendant, the court denied the motion for lack of timeliness. The Bank appeals. We affirm.

The rule on intervention is as follows:

(a) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action:

(1) When a statute confers an unconditional right to intervene . . . .

N.C. Gen. Stat. § 1A-1 (1988), Rule 24. The Bank argues that it had an unconditional right to intervene by virtue of the following provision of the statute on attachment:

Any person other than the defendant who claims property which has been attached, or any person who has acquired a lien upon or an interest in such property, whether such lien or interest is acquired prior to or subsequent to the attachment, may

(1) Apply to the court to have the attachment order dissolved or modified, or to have the bond increased, upon the same conditions and by the same methods as are available to the defendant, or

(2) Intervene and secure possession of the property in the same manner and under the same conditions as is provided for intervention in claim and delivery proceedings.

N.C. Gen. Stat. § 1-440.43 (1988).

With respect to subsection (1), a defendant who seeks to dissolve an order of attachment may do so "at any time before judgment in the principal action." *See* N.C. Gen. Stat. § 1-440.36 (1988). With respect to subsection (2), the language of Rule 24 would govern, and the third party's motion to intervene must be made "upon timely application." We believe the latter standard controls the resolution of the appeal before us for the following reasons.

Section 1-440.43 allows a third party to apply to have the attachment order dissolved *or* to intervene and secure possession of the property. In the instant action, the relief ultimately sought by appellant was not to dissolve the attachment but to intervene for the purpose of claiming the attached funds for itself.

The statute further states that a third party may seek to dissolve an attachment order "upon the same conditions and by the same methods as are available to the defendant." N.C. Gen. Stat. § 1-440.43. The attachment of property owned by a defendant is proper when the plaintiff seeks a money judgment in the principal action and shows a need for a prejudgment remedy in order to insure that funds will be available to satisfy that judgment. *See* N.C. Gen. Stat. §§ 1-440.2, -440.3 (1988). The Bank, however, has made no allegations that the order of attachment was invalid on its face or otherwise. *See* N.C. Gen. Stat. § 1-440.36. Although a secured party's interest continues in property that has been attached, *see* N.C. Gen. Stat. § 25-9-306(2), the existence of a security interest does not insulate a debtor's property from state attachment proceedings. *See* N.C. Gen. Stat. § 25-9-311 (1988). There being no basis alleged by appellant for dissolving the attachment order, we therefore turn to the issue of timeliness under Rule 24.

While motions to intervene made prior to trial are seldom denied, whether such motions are timely is a question addressed to

## NICHOLS v. CAROLINA TELEPHONE

[93 N.C. App. 503 (1989)]

the sound discretion of the trial court. *State Employees' Credit Union, Inc. v. Gentry*, 75 N.C. App. 260, 264, 330 S.E. 2d 645, 648 (1985). The trial court is to consider the status of the case, the unfairness or prejudice to the existing parties, the reason for the delay, the resulting prejudice to the applicant if the motion is denied, and any unusual circumstances. *Id.*

In the case before us, the Bank sought to intervene at the time of the hearing at which the trial court was ready to resolve the matter before it based on the pleadings and affidavits submitted by the parties. Plaintiff's second complaint had been filed and served on counsel for defendant in October. The record affirmatively discloses that the same counsel had been representing the interests of the Bank, as well as those of the Bank's debtor, since before 3 June 1987 and was at all times since that date aware of the attachment proceedings. Counsel for the Bank had ample opportunity to intervene at any time after the filing of plaintiff's complaint. We hold that, based on the circumstances involved in the matter before it, the trial court did not abuse its discretion in denying the Bank's motion to intervene.

Affirmed.

Judges ARNOLD and WELLS concur.