An execution issued upon the judgment obtained as above stated, directed to the sheriff of Buncombe County, commanding him to make the sum mentioned in said judgment, of the goods and chattels of (91) Daniel Blake, deceased, in the hands of his administrator, Arthur Blake. There were no goods and chattels of the intestate in the hands of the administrator on which the execution could be levied, but the proceeds of the goods and chattels of the intestate sold by the administrator were then in his hands. A few days previous to the return day of the execution, and while the fieri facias was in the hands of the sheriff, the administrator paid to the plaintiff the amount of the debt, the administrator agreeing to pay all costs. This payment was unknown to the sheriff at the time he returned the execution. The return was that there was no property to be found subject to the execution. Upon these facts it was submitted to the court whether the sheriff of Buncombe was entitled to commissions upon the money paid by the defendant to the plaintiff. His Honor decided that the sheriff was not entitled to commissions, whereupon the transcript stated there was a judgment for the defendant, from which an appeal was prayed and granted.
The decision of the court below on the question of commissions is, as we think, correct. The act of assembly fixing the compensation of sheriffs (1 Rev. Stat., ch. 105, sec. 21), after giving specific fees for specific services, declares a sheriff entitled to receive "for selling the estate of an intestate, to be allowed by the court, not exceeding two and a half per cent; for executing a warrant for distress, or an execution *Page 73 
against the body, two and a half per cent, and for all moneys collected by him by virtue of any levy, two and a half per centum, and the like commissions on all moneys that may be paid the plaintiff by the defendant while such precept is in the hands of the sheriff." The difficulty in construing the last clause is in ascertaining the meaning of the words "such precept." The reference is to the execution meant in the clause immediately preceding under the words "collected by virtue of any levy" — and as express provision had been made for commissions in executing a warrant of distress and an execution against the body, we may be satisfied that neither of these was therein intended. The precept (92) contemplated was then an execution against property, and it might be contended that "by such precept" is to be understood an execution against property levied. On the other hand this interpretation is not readily reconciled with the words "while in the hands of the sheriff." But however this may be, we cannot believe that the Legislature meant to give the sheriff a commission on money paid by the defendant to the plaintiff unless the execution in the hands of the sheriff was one by which the collection of the money, had it not been anticipated by the parties, might have been coerced. In the case stated it is agreed as a fact that the defendant held nothing on which a levy could be made, and the sheriff made that return on the execution.
Although we approve of the decision thus made we have a difficulty on the transcript in knowing what to do with the case. The record shows ascire facias sued out at the instance of the plaintiff, requiring of the defendant to show cause wherefore execution should not issue against the defendant's proper goods and chattels, to satisfy a judgment theretofore obtained against him in his representative character. To this scire facias
there are no pleas, so that it is not judicially seen what is disputedbetween the parties. But a case is stated upon which the opinion of the court is asked, whether the defendant is liable for commissions claimed by the sheriff of Buncombe County. It does not appear from the case what judgment, upon the agreement of the parties, is to be acknowledged and rendered between them accordingly as the opinion of the court may be for or against the defendant upon this claim of the sheriff. If it did, then the judgment would follow that agreement, and be correct or erroneous, as the opinion by which it was to be regulated, might be right or wrong. Where there is no agreement for acknowledging a judgment, then the judgment is the sentence of the law upon the matter contained in the record — and we should say in this case that there being no plea, nor default taken for want of plea — any judgment between the parties as the act of the court would be premature, and the course erroneous. Upon the whole, however, we believe that a judgment between the parties has not been rendered. The transcript speaks indeed of a (93) *Page 74 
"judgment for the defendant, from which an appeal was prayed and granted," but it does not set forth that judgment nor who appealed therefrom. Upon comparing the alleged judgment with the subject-matter on which it was asked we think that we are not warranted in saying that more was done below than to declare that the sheriff was not entitled to the commissions he asked of the defendant; and as in this collateral controversy "the sheriff" is represented as the claimant, we are to understand that he has appealed from the determination against his claim. Who is the person called "the sheriff of Buncombe" does not appear, and if it did we do not know him as a party in this cause. He cannot, therefore, appeal in it.
The court directs the case to be dismissed as not being properly before it.
PER CURIAM. Case dismissed.
Cited: Kincaid v. Smith, 35 N.C. 496.