Peaeson, J.
 

 A single magistrate had not jurisdiction of the case. The Act of 1820 extends tire jurisdiction of single magistrates to debts of one hundred dollars, due by
 
 bonds, notes and liquidated accounts.
 
 This does not include the penalty of one hundred dollars, imposed by Statute, to be paid to the owner, for harboring a runaway slave.
 

 It is insisted, there ought to have been a plea to the jurisdiction, and by pleading over, the objection is waived. There is a
 
 rule of pleading,
 
 that “good matter must be brought forward in apt time
 
 *87
 
 and due form.” There is a
 
 rule of law,
 
 that jurisdiction cannot be conferred by consent of parties, and as a matter of course, it. cannot be conferred by a waiver of one of the parties. In what way are these rules consistent? Obviously, because tire first applies to cases in which the Court has jurisdiction over the subject, and the objection is on the ground of some privilege or exemption of the defendant, which, if he does not insist upon by plea
 
 in limine,
 
 is considered as waived;
 
 e. g.
 
 — if he is a student of one of the Universities in England, or an officer of another Court.
 

 The second applies to cases in which the Court has no jurisdiction over the subject, and of course, as the law has not conferred it, the parties cannot do so — in other words, where there is a
 
 defect of jurisdiction ; e. g.
 
 — one is warranted before a single magistrate for a trespass in breaking the close, treading down the grass, &c.; there is judgment for the plaintiff, and the defendant appeals, and in the County Court, pleads not guilty; there is a verdict and judgment against him, upon which he appeals to the Superior Court: Can that Court act on the case, considering the objection waived, under the rule of pleading? Or, suppose aman indicted for murder in the County Court — plea, not guilty — conviction— appeal: — Can the Superior Court shut its eyes to the fact that the case is not properly before it, and go on and try the man and hang him, because he did not, in “proper person,” put in a plea to the jurisdiction? Certainly not, for as soon as the Court sees that the case is not properly before it, and is
 
 coram non judice,
 
 so that a judgment thereon would be a nullity, it should of its own motion, put a stop to the proceedings, and refuse to aid, countenance and continue a usurpation of jurisdiction on the part of an inferior tribunal.
 

 A single magistrate has a limited jurisdiction, which, as we have seen, does not extend to debt for a penalty of one hundred dollars by the owner of a runaway slave. There is consequently a defect of jurisdiction, and the exercise of it is a usurpation. The consent of parties, or a waiver, cannot confer a jurisdiction withheld by law; and the instant the Court perceives that it is exercising a power not granted, it ought to stay its action.
 
 Burrow
 
 v.
 
 McNeil,
 
 2 Dev. & Bat. Eq. 301;
 
 Green
 
 v.
 
 Rutherford,
 
 1 Ves.
 
 *88
 
 471. If a magistrate exceeds his jurisdiction, the judgment is void, and will not justify acts under it.
 
 Jones
 
 v.
 
 Jones,
 
 3 Dev. 360.
 

 1. The distinction is this: If there be a defect,
 
 e. g.,
 
 a total want of jurisdiction apparent upon the face of the proceedings, the Court will, of its own motion, “ stay, quash or dismiss ” the suit. This is necessary, to prevent the Court from being forced into an act of usurpation, and compelled to give a void judgment. For if there be no plea to the jurisdiction, and the “general issue ” is not pleaded,
 
 (without which, there cannot be a judgment of nonsuit,)
 
 unless tire Court can stay, quash or dismiss the proceedings, it must,
 
 nolens volens,
 
 go on in an act of usurpation and give a void judgment, which is against reason. So,
 
 ex necessitate,
 
 the Court may, on plea, suggestion, motion, or
 
 ex mere motu,
 
 where the defect of jurisdiction is apparent, stop the proceeding. Tidd, 616, 960.
 

 2.
 
 If the allegations bring the case ivithin the jurisdiction, so that the defect is not apparent, and the general issue is pleaded, the proof not sustaining the allegation, there is a fatal variance, which is ground of nonsuit;
 
 e.g.,
 
 declaration
 
 quare clausum fre-git,
 
 in the county of Wake — general isssuc; proof — trespass on land in the county of Johnston: Or, debt for one hundred dollars, due by simple contract; proof — debt of fifty dollars — nonsuit, unless affidavit be made according to the Statute.
 

 The want of a jurisdiction in an inferior Court is fatal without, any plea stating the objection. 1 Chit. PI. 477. If an inferior Court has not jurisdiction, it is ground of nonsuit under the general issue. 1 T. R. 151; 6 East 683; 1 Chit. PI. 474.
 

 3. If the subject matter is within the jurisdiction, and there be any peculiar circumstance excluding the plaintiffs, or exempting the defendant, it must, bo brought forward by a plea to the jurisdiction. Otherwise, there is an implied waiver of the objection, and the Court goes on in the exercise of its ordinary jurisdiction.
 

 It was said in tire argument, admit the magistrate had no jurisdiction, the action might have been commenced in the County Court, and as it got into that Court by appeal, what difference does it make? The reply is, in a few words, the law prescribes the mode by which suits are to he instituted; and to allow a case to be smuggled into Court, would be to encourage the inferior
 
 *89
 
 Courts to usurp power, and do that which the. Superior Courts are hound to prohibit them from doing. 3 Black. Com. 111,
 
 Writ of Prohibition.
 

 Per Curiam. Judgment affirmed.