REV. C. R. TROTTER, PASTOR OF GOOD HOPE BAPTIST CHURCH, ARTHUR BARBOUR, OTIS WILLIAMS, AND JOSEPH J. BLAKE, ACTING AS TRUSTEES HOLDING TITLE TO THE PROPERTY OF GOOD HOPE BAPTIST CHURCH AND INDIVIDUALLY FOR THEMSELVES AS MEMBERS OF SAID CHURCH AND FOR SUCH OTHER MEMBERS OF SAID CHURCH AS ARE SIMILARLY SITUATED; WILLIE E. JONES, DALON FREEMAN AND WALTER WILLIAMS, ACTING AS DEACONS OF GOOD HOPE BAPTIST CHURCH AND INDIVIDUALLY AS MEMBERS OF SAID CHURCH AND FOR SUCH OTHER MEMBERS OF SAID CHURCH AS ARE SIMILARLY SITUATED, PLAINTIFFS v. FRED DEBNAM, MARION GOODSON, THEODORE GOODSON, NATHAN WATSON, AND ALL OTHERS ACTING IN CONCERT WITH THE NAMED DEFENDANTS, DEFENDANTS

No. 7410SC806

(Filed 2 January 1975)

1. **Constitutional Law § 22; Religious Societies and Corporations § 2— church dispute — use of property — constitutionality of order**

    In an action involving a dispute between factions in a church, the trial court's order providing for use of the church at different times by each faction and prohibiting each faction from interfering with the other in such use was not based on ecclesiastical considerations but involved questions justiciable in a civil court; therefore, the order was not unconstitutional, and appellants could properly be found in contempt of the order.

2. **Rules of Civil Procedure § 65— injunction — notice given**

    Appellants who were found in contempt of the trial court's order prohibiting their interference with the worship of one faction in a church of which appellants were members had actual as well as constructive notice of the order. G.S. 1A-1, Rule 65(d).

3. **Appeal and Error § 26— appeal as exception to judgment**

    An appeal itself constitutes an exception to the judgment or order appealed from and presents the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment.

4. **Rules of Civil Procedure § 65— injunction — parties not named found in contempt — finding of active concert or participation required**

    Where appellants, who were adjudged in contempt of the trial court's order, were not named parties to the action, nor were they the officers, agents, servants, employees or attorneys of any named party, it was necessary for the trial court, in order to find them in contempt, to find that they were in active concert or participation with one or more of the named parties to the action or their officers, agents, servants, employees, or attorneys.

APPEAL by Edward Debnam, Romuel Jones and Foster McCullough [hereinafter referred to as appellants] from order

of *McLelland, Judge,* entered at the 27 May 1974 Session of Superior Court held in WAKE County.

This action involves a dispute between factions in a church. The appeal is from an order adjudging appellants in contempt of an order of the court.

In their complaint, filed 22 December 1972, plaintiffs allege in pertinent part: Plaintiff Trotter is the pastor and the other plaintiffs are members, trustees and deacons of Good Hope Baptist Church [hereinafter referred to as the Church]. Defendants are also members of the Church. Plaintiff Trotter was called as pastor in 1943 and has served the Church in that capacity continuously since that time. The Church holds regular business conferences on Fridays preceding the second Sunday of each month. At the regular business conference in June 1972, plaintiff Trotter, by a substantial majority vote, was reaffirmed as pastor of the Church and " . . . his contract as pastor was renewed for an indefinite term of service, terminable only by a vote of the majority of the members of the Church at an authorized business conference." On 8 December 1972 defendants and several others held an unauthorized meeting and purported to remove plaintiff Trotter as pastor. On 10 December 1972 defendants, by force and threats of violence, prohibited plaintiff Trotter from conducting services at the Church and have stated that they will continue to prevent Trotter from serving as pastor of the Church. Plaintiffs asked that Trotter be adjudged the duly elected pastor of the Church, that they and those affiliated with them be declared the majority of the Church membership, and that defendants and those acting in concert with them be temporarily and permanently restrained and enjoined from interfering with plaintiffs in conducting services and discharging other duties relative to the operation of the Church.

Defendants filed answer and counterclaim in which they denied that plaintiff Trotter was still the pastor of the Church and asked that he be restrained and enjoined from entering upon the premises of the Church or otherwise " . . . interfering with the use and control . . . " of the Church property.

On 23 May 1973, following motion by plaintiffs, notice to defendants, and a hearing, Judge Godwin entered an order providing in pertinent part as follows: (1) that during the pendency of this action, plaintiffs and other members of the Church "similarly situated" would be allowed to use the Church building

and premises on certain specified dates and at certain specified hours; (2) that defendants and other members of the Church "similarly situated" would be allowed to use the Church building and premises on other specified dates and at certain specified hours; (3) that defendants and all others acting in concert with them or similarly situated are restrained from in anywise interfering with plaintiffs in the exercise of the privileges granted them by the order; (4) that plaintiffs and those acting in concert with them or similarly situated are restrained from in anywise interfering with defendants in the exercise. of the privileges granted them by the order; (5) that during the pendency of this action plaintiffs and defendants shall each pay to the treasurer of the Church the sum of $185 between the first and tenth day of each calendar month to defray the costs of janitor services, building and ground maintenance, electric current, fuel, insurance, etc.; (6) that failure of either plaintiffs or defendants to comply with (5) will be construed by the court as a voluntary and intentional forfeiture of the privilege to use the Church property as provided in the order. The court further provided that copies of the order would be posted forthwith upon each of the outside doors of the Church building in such manner as to be protected from weather damage and said notices shall not be removed during the pendency of this action.

On 15 March 1974 plaintiffs filed a motion asking that certain persons allegedly aligned with defendants, including appellants, be ordered to show cause why they should not be found in contempt of Judge Godwin's order. On 29 March 1974, following a hearing, Judge McLelland entered an order adjudging 17 persons, including appellants Jones and McCullough, in contempt of the Godwin order, and imposing fines: the fines were suspended for a period of six months on condition that at the end of said period those found in contempt would appear and satisfy the court that they had not, during the six months' period, in any way interfered with any use of the Church premises as provided in the Godwin order. There was no exception to or appeal from this order.

On 25 April 1974 plaintiffs filed a motion for issuance of an order to appellants and one other to show cause why they should not be adjudged in violation of the Godwin order because of their conduct on Sunday, 14 April 1974. On 10 May 1974 plaintiffs filed another motion for issuance of an order to 10 persons, including appellants, to show cause why they should not be

Trotter v. Debnam

adjudged in violation of the Godwin order because of their conduct on Sunday, 28 April 1974.

On 30 May 1974, following a hearing, Judge McLelland entered an order finding facts and concluding that by virtue of their conduct on 14 April 1974 appellants were in contempt of the Godwin order; appellants were ordered imprisoned for 10 days.

*Young, Moore & Henderson, by R. Michael Strickland, for plaintiff appellees.*

*Kirk & Ewell, by John E. Tantum, for defendant appellants.*

BRITT, Judge.

[1] Appellants contend first that the trial court erred in denying their motion to quash the contempt citations for the reason that Judge Godwin's order, on which the citations were predicated, was unconstitutional. We find no merit in this contention.

In *Reid v. Johnston*, 241 N.C. 201, 204, 85 S.E. 2d 114 (1954), our Supreme Court, speaking through Parker, Justice (later Chief Justice), said:

> The legal or temporal tribunals of the State have no jurisdiction over, and no concern with, purely ecclesiastical questions and controversies, for there is a constitutional guarantee of freedom of religious profession and worship, as well as an equally firmly established separation of church and state, but the courts do have jurisdiction, as to civil, contract and property rights which are involved in, or arise from, a church controversy. (Citations). This principle may be tersely expressed by saying religious societies have double aspects, the one spiritual, with which legal courts have no concern, and the other temporal, which is subject to judicial control.

In *Reid,* the court further held that a Missionary Baptist Church, being congregational in its church polity, a majority of its membership, nothing else appearing, is entitled to control its church property; however, a majority of its membership is supreme and is entitled to control its church property only so long as it remains true to the fundamental faith, usages, customs, and practices of that particular church, as accepted by both factions before dissension arose.

The principles declared in *Reid* were followed in several decisions of our appellate division until the decision of this court in *Atkins v. Walker,* 19 N.C. App. 119, 198 S.E. 2d 101, *aff'd* 284 N.C. 306, 200 S.E. 2d 641 (1973). The decision in *Atkins* was brought about because of the decision of the U. S. Supreme Court handed down in 1969 in the case of *Presbyterian Church in the United States v. Mary Elizabeth Blue Hull Memorial Presbyterian Church, et al.,* 393 U.S. 440, 89 S.Ct. 601, 21 L.Ed. 2d 658.

In the cited U. S. Supreme Court opinion, the question presented was stated thusly: "The question presented is whether the restraints of the First Amendment, as applied to the States through the Fourteenth Amendment, permit a civil court to award church property on the basis of the interpretation and significance the civil court assigns to aspects of church doctrine. * * * " The court answered the question in the negative. However, the court went further and held: "It is of course true that the State has a legitimate interest in resolving property disputes, and that a civil court is a proper forum for that resolution. * * * "

In *Atkins,* our State Supreme Court held that in view of the cited U. S. Supreme Court opinion, certain principles stated in *Reid* are no longer authoritative; however, in *Atkins,* page 318, we find:

It nevertheless remains the duty of civil courts to determine controversies concerning property rights over which such courts have jurisdiction and which are properly brought before them, nothwithstanding the fact that the property is church property. Neither the First Amendment to the Constitution of the United States nor the comparable provision in Article I, Section 13, of the Constitution of North Carolina deprives those entitled to the use and control of church property of protections afforded by government to all property owners alike, such as the services of the Fire Department, police protection from vandals and trespassers or access to the courts for the determination of contract and property rights. * * *

Appellants argue that the case at bar involves ecclesiastical differences between the opposing factions; that the Godwin order was based on ecclesiastical considerations, therefore, it was and is void. We reject this argument. In our opinion, the

pleadings present questions that are justiciable in the civil courts and Judge Godwin's order did not violate the area forbidden in *Atkins*.

Appellants further argue that the Godwin order is unconstitutional for the reason that it requires the parties, and those aligned with them, to make monetary payments as a condition to their right to worship. Since the order appealed from was in no way predicated on the portions of Judge Godwin's order providing for monetary payments, we do not reach the question as to the validity of those provisions.

[2]  Appellants contend that the court erred in denying their motion to quash the contempt citations for the reason that Judge Godwin's order was never served on appellants and they are not parties to the action.

G.S. 1A-1, Rule 65 (d) provides:

> *Form and scope of injunction or restraining order.—* Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts enjoined or restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice in any manner of the order by personal service or otherwise.

We find no merit in the contention that appellants had no notice of Judge Godwin's order prior to the conduct complained of on 14 April 1974. The record and stipulations of counsel disclose that appellants had actual notice of the order in addition to constructive notice that was provided.

Appellants further contend that they are not parties to the action, nor "officers, agents, servants, employees" or attorneys of any party; and that Judge McLelland made no finding that they were "in active concert or participation" with any of the parties, their officers, etc. Responding to this contention, appellees argue that since appellants entered no exception to the order appealed from, the question as to sufficiency of findings is not presented.

[3]  It appears to be settled in this jurisdiction that an appeal itself constitutes an exception to the judgment or order appealed

from and presents the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment. 1 Strong, N. C. Index 2d, Appeal and Error, § 26, pp. 152-3. We think the question as to "active concert or participation" by appellants is presented.

[4] Contempt proceedings being criminal in nature must be strictly construed. *In re Hege*, 205 N.C. 625, 172 S.E. 345 (1934). Admittedly, appellants are not "named" parties to this action, nor the officers, agents, servants, employees, or attorneys of any named party. Therefore, under Rule 65(d), to find them in contempt, we think it was necessary for the trial court to find that they were "in active concert or participation" with one or more of the named parties to the action or their officers, agents, servants, employees, or attorneys. This the trial court failed to do. For failure to make this finding, the order appealed from must be vacated and the cause remanded for another hearing. It is so ordered.

Remanded.

Judges VAUGHN and ARNOLD concur.