**HELBEIN v. SOUTHERN METALS CO.**

[119 N.C. App. 431 (1995)]

_____

BETTY M. HELBEIN v. SOUTHERN METALS COMPANY, INC. AND ROBERT HELBEIN

No. COA94-1101

(Filed 5 July 1995)

**Injunctions § 33 (NCI4th)— no notice before order entered— order void**

> Where a nonparty received no notice and was not given an opportunity to be heard before entry of the trial court's order prohibiting him from harassing or contacting defendants, their employees and attorneys, communicating threats, possessing firearms, or attending any further proceedings in this action, the trial court lacked personal jurisdiction over the nonparty, and the order was therefore void.

**Am Jur 2d, Injunctions §§ 249 et seq.**

Appeal by plaintiff and non-party Richard Helbein from order entered 24 May 1994 in Mecklenburg County Superior Court by Judge Charles C. Lamm, Jr. Heard in the Court of Appeals 7 June 1995.

*A. Marshall Basinger, II, for plaintiff-appellant and non-party Richard Helbein.*

*Moore & Van Allen, PLLC, by Jeffrey J. Davis, Gregory J. Murphy, and Karin M. McGinnis, for defendant-appellees.*

GREENE, Judge.

Betty M. Helbein (plaintiff) and non-party Richard Helbein (movant) appeal from an order of the trial court denying their motion to set aside an earlier order which restricted the right of movant to attend "any further proceedings in this action."

The record shows that, following a court proceeding in this matter and "while in the hallway immediately outside the courtroom," movant "communicat[ed] threats regarding his intention to harm Robert Helbein and others." After that incident, the trial court, on 3 September 1992, without any notice to the movant, entered the following order:

1. Richard Helbein shall not:

(a) Contact, go about, harass or bother his brother, Robert Helbein, or any member of Robert Helbein's family, or any employee of Southern Metals Company.

(b) Possess any firearms except in his own home.

(c) Contact, go about, harass or bother counsel for Southern Metals, Mr. Jeffrey Davis, or members or employees of his firm, nor is Richard Helbein to go about his residence or place of business.

(d) Communicate to any person, directly or indirectly, any threat involving Robert Helbein or any member of his family, any Southern Metals employee or member of their family, Jeffrey Davis, or any member of his family, or any other person in any way connected with this action.

(e) Go about the premises of Southern Metals, Moore & VanAllen, or the residence of any person described above.

2. Richard Helbein is further hereby prohibited from attending any further proceedings in this action unless he is under subpoena.

Defendant subsequently made a motion that movant be held in contempt for violating this 3 September order. After a hearing on defendant's motion, the trial court entered an order, on 24 February 1994, which included the court's conclusion that movant's actions, as alleged by defendant's motion, did not constitute a violation of the 3 September order.

On 7 March 1994, movant and plaintiff made a motion, pursuant to N.C. Gen. Stat. § 1A-1, Rule 60, which requested that the trial court set aside the 3 September order "on the grounds that the order is jurisdictionally defective and therefore void." This motion argued that movant received no notice of the proceedings which resulted in the 3 September order and that the court thus lacked personal juris-

diction rendering its order void. In an order entered 24 May 1994, the trial court denied the 7 March motion.

The issue is whether the 3 September order is void for want of personal jurisdiction.

Absent a general appearance, due process requires that a person who will be subject to a court's order be given "reasonable notice and opportunity to be heard" before any proceeding which results in such order being entered against him. *Harris v. Harris*, 104 N.C. App. 574, 577, 410 S.E.2d 527, 530 (1991); *see also First Union Nat'l Bank v. Rolfe*, 83 N.C. App. 625, 628, 351 S.E.2d 117, 119 (1986) (general statutes and North Carolina Constitution mandate that person be given "notice and an opportunity to be heard before he can be deprived of" a right). Moreover, the 3 September order is, in effect, an injunction and North Carolina law requires that persons affected by injunctions be given notice before the issue of an injunction, unless the injunction is a "temporary restraining order," limited in duration. N.C.G.S. § 1A-1, Rule 65 (1990). There is no dispute that movant received no notice and was not given an opportunity to be heard before the 3 September order was entered. There being no notice to movant, the court lacked personal jurisdiction over movant and the 3 September order is void. *See Allred v. Tucci*, 85 N.C. App. 138, 142, 354 S.E.2d 291, 294 (judgments entered without personal jurisdiction are void), *disc rev. denied*, 320 N.C. 166, 358 S.E.2d 47 (1987).

A party who is subject to an order by a trial court which is void, may attack that order at any time, pursuant to Rule 60(b)(4) of the Rules of Civil Procedure. N.C.G.S. § 1A-1, Rule 60(b) (1990); *Allred*, 85 N.C. App. at 141, 354 S.E.2d at 294 (void judgment is legal nullity which may be attacked at any time). Therefore, the trial court erred in failing to grant the 7 March motion for relief pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b) and the matter is remanded for entry of an order vacating the 3 September 1992 order.

Reversed and remanded.

Judges JOHNSON and MARTIN, JOHN C., concur.