KENNETH RAY WATSON, SR. AND MARTHA S. WATSON, PLAINTIFFS V. BEN GRIFFIN
REALTY AND AUCTION, INC. AND CARPENTER, WILSON, CANNON, & BLAIR,
P.A., DEFENDANTS

No. COA97-186

(Filed 2 December 1997)

### 1. Judgments § 530 (NCI4th)— nonparty—Rule 60 motion inappropriate

A nonparty may not seek relief under Rule 60 from a judgment which declared that an easement existed on the nonparty's land. The only manner in which the nonparty may seek relief from the judgment is to file an independent action attacking the judgment. N.C.G.S. § 1A-1, Rule 60.

### 2. Appeal and Error § 64 (NCI4th)— nonparty—no right to appeal

A nonparty to an action may not appeal from the judgment of the trial court.

Judge WALKER concurring.

Appeal by movant Emma Wilcox from the denial of her N.C. Gen. Stat. § 1A-1, Rule 60 motion to set aside as void, a judgment entered 7 January 1997 by Judge Claude S. Sitton in Caldwell County Superior Court. Heard in the Court of Appeals 7 October 1997.

*Wilson, Palmer & Lackey, P.A., by W. C. Palmer and Timothy J. Rohr, for movant appellant.*

*Todd, Vanderbloemen and Brady, P.A., by Bruce W. Vanderbloemen, for Ben Griffin Realty and Auction, Inc., defendant appellee.*

*Patrick, Harper, & Dixon, by Stephen M. Thomas, for Carpenter, Wilson, Cannon & Blair, P.A., defendant appellee.*

SMITH, Judge.

On 25 April 1989, Ben Griffin Realty and Auction, Inc. (hereinafter "Griffin"), as owner, offered for sale 4.876 acres of land to plaintiffs Kenneth and Martha Watson. Agent Ben Griffin told plaintiffs that "the old farm road" was the access to the property. Around 1 May 1989, defendant Carpenter, Wilson, Cannon & Blair, P.A. (hereinafter "law firm"), issued a title opinion which stated that the property had

a direct means of access to the public right of way. Based on the representations of Griffin and the law firm, plaintiffs paid $12,000 for the property.

Emma Wilcox (hereinafter "Wilcox") owns property adjoining plaintiffs' property. The "old farm road" passes over Wilcox's property from a nearby public road. The "old farm road" was the exclusive means of access to plaintiffs' property. Subsequent to plaintiffs' purchase, they discovered that there was no recorded or otherwise enforceable right of way in favor of plaintiffs' property.

On 28 August 1992, plaintiffs Kenneth and Martha Watson filed suit in Caldwell County (92 CVS 1044) against Wilcox and others for trespassing on plaintiffs' property, intentional infliction of emotional distress, and punitive damages. In that action, plaintiffs in the instant case alleged that no currently enforceable easement existed across the Wilcox property. On four separate occasions during that action, plaintiff Kenneth Watson failed to appear for various agreed to and noticed depositions. In October 1993, Superior Court Judge Robert D. Lewis dismissed that action. Thereafter in a separate action (93 CVS 1604), Wilcox sued the Watsons for trespass. On 17 February 1994, Superior Court Judge Jesse B. Caldwell, III, entered partial summary judgment in favor of Wilcox and permanently enjoined the Watsons from going onto Wilcox's land, which included the old farm road.

Based on the results of the Wilcox suit, plaintiffs Kenneth and Martha Watson filed the instant case against defendants Griffin and law firm for damages suffered due to plaintiffs' lack of access to the property. Plaintiffs in the case *sub judice* included claims for: (1) fraudulent misrepresentation, intentional misrepresentation, negligent misrepresentation, and breach of fiduciary duty against Griffin; (2) negligence against the law firm; and (3) negligent infliction of emotional distress against both named defendants. On 19 August 1996, the Honorable Claude S. Sitton granted both defendants' motions for directed verdicts. In addition, the trial court's judgment recites that "the Court is entering this Declaratory Judgment" as to Wilcox's interests even though she was not a party. The trial court then determined that an easement existed across the property of Wilcox from a public road to plaintiffs' property. Further, the trial judge found that the previous two judgments mentioned above were in error, and that plaintiffs had a right to cross the existing farm road without violating the injunction. Shortly after the trial court's judgment was served on Wilcox's attorney and posted on Wilcox's home,

Wilcox moved to set aside the judgment under N.C. Gen. Stat. § 1A-1, Rule 60 (1990). The trial court denied Wilcox's motion. Wilcox appeals the denial of the motion.

[1] The issue presented on this appeal is whether the trial court erred in failing to set aside the 19 August 1996 judgment under N.C. Gen. Stat. § 1A-1, Rule 60 as to Emma Wilcox, who was not a party to the suit. Wilcox contends that the judgment shows on its face that the trial judge: (1) overruled another superior court judge or judges; and (2) determined the property rights of a non-party without jurisdiction and without notice or opportunity to be heard.

N.C. Gen. Stat. § 1A-1, Rule 60 provides, among other things, that the court may relieve a *party* from a final judgment, order, or proceeding if the judgment is void or for any other reason justifying relief from the operation of the judgment. In *Lawyers Title Ins. Corp. v. Langdon*, 91 N.C. App. 382, 385, 371 S.E.2d 727, 730 (1988), *cert. denied*, 324 N.C. 335, 378 S.E.2d 793 (1989), this Court held that N.C. Gen. Stat. § 1A-1, Rule 60 does not apply to a non-party. In addition, we held that the only manner in which a non-party to an action may seek relief from an underlying judgment affecting the non-party's rights or property is to file an independent action to attack the judgment. *Id.*

Also in *Helbein v. Southern Metals Co.*, 119 N.C. App. 431, 458 S.E.2d 518 (1995), an appeal by a party plaintiff and a non-party under N.C. Gen. Stat. § 1A-1, Rule 60, we held the requirements of Rule 60 were satisfied since a party to the action filed the motion. *Id.* at 433, 458 S.E.2d at 519. Thus, *Helbein* and *Langdon* both hold that only a party to an action can seek relief under N.C. Gen. Stat. § 1A-1, Rule 60. In the case at bar, it appears from the face of the judgment that the trial court determined the rights of a non-party who was not before the court. Because we do not have a party to the action filing the Rule 60 motion, Rule 60 relief could not be granted.

[2] Furthermore, our Supreme Court has held that "[o]ne who is not a party to an action or who is not privy to the record is not entitled to appeal from the judgment of a lower court." *In re Brownlee*, 301 N.C. 532, 546, 272 S.E.2d 861, 869 (1981) (citing *Siler v. Blake*, 20 N.C. 90 (1838)). Thus, Wilcox, as a non-party, cannot appeal the decision of the trial court.

However, "collateral attack in an independent or subsequent action is a permissible means of seeking relief from a judgment or

order which is void on its face for lack of jurisdiction . . . ." *In re Wheeler*, 87 N.C. App. 189, 193-94, 360 S.E.2d 458, 461 (1987) (citing *Stroupe v. Stroupe*, 301 N.C. 656, 662, 273 S.E.2d 434, 438 (1981)). Wilcox's remedy is to file an independent action to set aside this judgment. *Langdon*, 91 N.C. App. at 385, 371 S.E.2d at 730.

Though we need not specifically address or decide Wilcox's assignments of error, we observe that by determining the property rights of a non-party, the trial court may have exceeded its jurisdiction. Our Supreme Court has noted that, " '[i]f there be a defect, *e.g.*, a total want of jurisdiction apparent upon the face of the proceedings, the court will of its own motion, "stay, quash, or dismiss" the suit.' " *Stroupe*, 301 N.C. at 661, 273 S.E.2d at 438 (quoting *Branch v. Houston*, 44 N.C. 85, 88 (1852)). If the trial court was "utterly without jurisdiction to proceed" with respect to Wilcox, the 19 August 1996 judgment is void as to her. *See id.*

In conclusion, this appeal is dismissed because N.C. Gen. Stat. § 1A-1, Rule 60 relief is not available to a non-party and Wilcox as a non-party is not permitted to appeal the trial court's ruling. Wilcox must file an independent action to obtain relief.

Appeal dismissed.

Judge WYNN concurs.

Judge WALKER concurring by separate opinion.

Judge WALKER concurring.

I concur with the ultimate decision in this case; however, I believe Ms. Wilcox may proceed to intervene in this matter pursuant to Rule 24 of the N.C. Rules of Civil Procedure which provides, in pertinent part:

(a) *Intervention of right.*—Upon timely application anyone shall be permitted to intervene in an action:

. . .

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to

protect that interest, unless the applicant's interest is adequately represented by existing parties.

N.C. Gen. Stat. § 1A-1, Rule 24(a)(2) (1990).

In interpreting this rule, our Court, in *State Employees' Credit Union, Inc. v. Gentry*, 75 N.C. App. 260, 330 S.E.2d 645 (1985), stated that:

As a general rule, . . . motions to intervene made after judgment has been rendered are disfavored and are granted only after a finding of extraordinary and unusual circumstances or upon a strong showing of entitlement and justification.

*Id.* at 264, 330 S.E.2d at 648.

Here, since Ms. Wilcox's property interests have been affected by the trial court's judgment, this is an "extraordinary and unusual circumstance," and she should be permitted to intervene in order to have standing as a party to file a Rule 60(b) motion seeking relief from the judgment.