**STATE v. SMITH**

[130 N.C. App. 600 (1998)]

STATE OF NORTH CAROLINA, Appellee v. SCOTT JAMES SMITH, Defendant/Appellant

SCOTT JAMES SMITH, Plaintiff/Appellant v. AMERICAN SPIRIT INSURANCE COMPANY, Defendant/Appellee

No. COA97-1415

(Filed 18 August 1998)

**Parties— expungement order—third party**

Stays of expungement judgments were vacated where an insurance company obtained the stays to use the criminal files in a subsequent civil action but was not a party to the expungement action and did not file a motion to intervene. The only way in which a non-party to an action may seek relief from an underlying judgment affecting the non-party's rights or property is to file an independent action to attack the judgment; motions to intervene are disfavored and are granted only if there are extraordinary and unusual circumstances or a strong showing of entitlement and justification.

Appeal by plaintiff from orders entered 23 June 1997 *nunc pro tunc* 18 June 1997 by Judge Forrest A. Ferrell and and 23 June 1997 by Judge Robert D. Lewis in Buncombe County Superior Court. Heard in the Court of Appeals 4 June 1998.

*McDowall, Lewis, & Bull, by William D. McDowall, Jr., for plaintiff-appellant Smith.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Roy W. Davis, Jr. and Michelle Rippon, for defendant-appellee American Spirit.*

WYNN, Judge.

Under North Carolina law, "the only manner in which a non-party to an action may seek relief from an underlying judgment affecting the non-party's rights or property is to file an independent action to attack the judgment." *Watson v. Ben Griffin Realty and Auction*, 128 N.C. App. 61, 63, 493 S.E.2d 331, 332 (1997). In the subject case, American Spirit Insurance Company, a non-party to an action resulting in the expungement of criminal proceedings against Scott James Smith, obtained a stay from two judges of the expungement. Because

STATE v. SMITH

[130 N.C. App. 600 (1998)]

American Spirit was a non-party to the expungement action and filed no independent action, we now vacate the stay orders.

This case arises from the shooting of Darlene Poder in the leg at Scott Smith's rented mobile home. The State of North Carolina initially charged Smith with assault with a deadly weapon. The district attorney, however, ultimately dismissed that criminal charge.

About three months after the shooting, Poder filed a claim against a homeowner's policy issued to Smith by American Spirit Insurance Company ("American"). Poder claimed that Smith's negligence led to her wounding. American Spirit denied coverage, asserting that the shooting was an intentional act and as a result not covered under the policy.

In April 1996, Poder brought a civil action against Smith alleging that she had been injured as a result of his negligent discharge of a firearm. After being informed of the lawsuit against Smith, American informed him via letter that its position was that there was no coverage for the incident. Neither Smith nor American took action to defend against Poder's lawsuit, and as a result a $300,000 default judgment was entered against Smith.

In December 1996, Smith brought one of the actions that is the subject of this appeal, a suit against American alleging, *inter alia*, bad faith denial of coverage. The second matter involved in this appeal relates to Smith's action to have the record of the criminal charges expunged. The Superior Court ordered the expungement in May 1997.

Despite the order of expungement, not all of the records were destroyed. On 12 June 1997 and 16 June 1997, American filed motions with the Superior Court to stay the expungement order, apparently because it wanted to preserve the documentary evidence for use in its defense of Smith's suit. The motion was captioned with the captions of both the civil suit and the expungement action.

American obtained a temporary restraining order prohibiting the destruction of records relating to Smith's criminal charges on 12 June 1997. On 23 June 1997, Judge Robert A. Lewis entered a preliminary injunction staying the Order of Expungement. On 28 June 1997, Judge Forrest Ferrell stayed, *nunc pro tunc* 18 June 1997, the order of expungement, by an order amending the original order of expungement.

This Court granted certiorari on 10 September 1997 to review the orders filed 28 June 1997 *nunc pro tunc* 18 June 1997 by Judge Forrest A. Ferrell and 23 June 1997 by Judge Robert D. Lewis.

––––––––––––––––––

The issue is whether an expungement order may be stayed by a non-party to the expungement action. We hold that it may not.

This Court recently addressed the question of when a non-party may seek relief from a judgment in *Watson v. Ben Griffin Realty and Auction*, 128 N.C. App. 61, 493 S.E.2d 331 (1997). In *Watson*, the defendants represented to the plaintiffs that land the plaintiffs were purchasing had a direct means of access to the public right of way over the property of Emma Wilcox. In an earlier action between Wilcox and the plaintiffs, the Superior Court permanently enjoined the plaintiffs from crossing Wilcox's land. However, during the instant action, the Superior Court entered a declaratory judgment as to Wilcox's interests, even though she was not a party, determining that an easement in favor of plaintiffs' property did exist across Wilcox's land. Wilcox motioned under N.C. Gen. Stat. § 1A-1, Rule 60 (1990) to set the judgment aside. This Court held that motion was properly denied, as Rule 60 does not apply to a non-party. *Id.* at 61-63, 493 S.E.2d at 331-32. The Court went on to point out that "the only manner in which a non-party to an action may seek relief from an underlying judgment affecting the non-party's rights or property is to file an independent action to attack the judgment." *Id.* at 63, 493 S.E.2d at 332.

Judge Walker's concurring opinion in *Watson* discussed an alternative approach available to a non-party—a motion to intervene under Rule 24. *Id.* at 64-65, 493 S.E.2d at 333 (Walker, J., concurring). As he pointed out, after judgment has been rendered motions to intervene are disfavored and are granted only if there are "extraordinary and unusual circumstances" or "a strong showing of entitlement and justification." *Id.* (Walker, J., concurring). However, under such circumstances they do provide an avenue of relief for a nonparty to a judgment affecting their rights or property. *Id.* (Walker, J., concurring).

In the present case, the insurance company was not a party to the expungement action. Moreover, it does not appear that it made any motion to intervene in the expungement action. Accordingly, it was error to grant its motions to stay the expungement judgment, and we vacate both stay orders.

Vacated.

Judges JOHN and McGEE concur.