E. VERNON FERRELL, JR., PLAINTIFF v. EUGENE DOUB AND DJD INVESTMENTS, INC., DEFENDANTS

No. COA02-1160

(Filed 16 September 2003)

**1. Easements— use of street—dedication and use**

Summary judgment was correctly granted for plaintiff on the existence and scope of an easement over a street. The evidence before the court clearly showed that plaintiff had acquired an easement by dedication and by use.

**2. Easements— unreasonable use—blocking a street**

Defendants' ability to use a street over which plaintiff had an easement was not inhibited unreasonably where the trial court ruled that a forty-foot eight-wheeled construction trailer parked in the middle of the street was an unreasonable interference with plaintiff's right of ingress and egress. Nothing in the court's order prohibits defendants from making a reasonable use of their land.

**3. Injunction— prior judgment incorporated—insufficient connection to prior party**

The trial court erred when issuing a current injunction by incorporating by reference a prior injunction where there was no evidence that defendants were in active concert or participation with a party to the prior action. Succeeding in ownership of the property through foreclosure did not cause the prior judgment to be automatically binding upon defendants.

Appeal by defendants from judgment entered 13 June 2002 by Judge William Z. Wood, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 18 August 2003.

*Robinson & Lawing, L.L.P., by Norwood Robinson and John N. Taylor, Jr., for plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, P.L.L.C., by Richard T. Rice and Candice S. Wooten, for defendants-appellants.*

TYSON, Judge.

Eugene Doub ("Doub") and DJD Investments, Inc. (collectively, "defendants") appeal from an order granting summary judgment in favor of Vernon Ferrell, Jr. ("plaintiff"). We affirm in part and reverse in part.

## I.  Background

Plaintiff filed a complaint on 30 November 2001 against defendants seeking to enjoin parking of defendants' trailers or vehicles on Lot 114D, which is used as a street named Parr Street ("Parr Street"), or from taking other actions to impede the use and enjoyment of plaintiff's easement over Parr Street by residents of the Mountain Lodge Apartments.

Plaintiff is the owner of real property located in Forsyth County, North Carolina, that is identified on a recorded subdivision map as

Lots 104 and 105. 124 residential apartments, known as the Mountain Lodge Apartments, that were built thirty-five years ago and continuously used as apartments, are located on these lots. On the eastern end of these lots, Bethania Station Road is located. Parr Street, a sixty-foot wide paved street, runs between Lots 104 and 105 in a westerly direction. The only access to the apartment parking lot on Lot 104 is by Parr Street. At the western end of Parr Street is an earthen dike perpendicular to the street. The apartment buildings are located within a flood plain. The dike protects the apartments from flooding from the stream that runs behind the dike.

All the lots at issue were originally part of a large single tract of land owned by J.R. Yarbrough ("Yarbrough"). In the 1960s, Yarbrough subdivided the tract and sold Lots 104 and 105 to D.W. Snow, who built the apartments. At that time, Yarbrough set aside Parr Street on the recorded map and dedicated it as a public street. Parr Street has been used continuously by the owners, apartment tenants, and the public for thirty-five years.

In 1974, plaintiff purchased the apartment complex. At that time, Lots 114C and Parr Street were conveyed to Old Town Shopping Center, Inc. ("Old Town"). Doub began acquiring and developing property adjacent to the apartments and Parr Street throughout the 1970s and 1980s. Doub had actual knowledge of plaintiff's use of the Parr Street easement. In 1981, Yarbrough conveyed Parr Street to Doub. By 1985, Parr Street was described in eight conveyances between Yarbrough and Doub. In 1994, Doub reconveyed Parr Street to Yarbrough and recorded a deed of trust on the real property subject to the Parr Street easement.

In 1995, plaintiff brought a suit against Yarbrough and Old Town to enjoin them from conducting certain fill activity and construction on Parr Street. Defendants were not joined as party defendants. On 20 December 1996, the Honorable William Z. Wood, Jr. entered a judgment finding that plaintiff had acquired both an easement by dedication and by prior use over Parr Street for ingress and egress to Mountain Lodge Apartments. Yarbrough and Old Town were enjoined from conducting any fill activity on Parr Street.

Doub foreclosed the deed of trust on the property under Parr Street, purchased it at the trustee sale in September of 1998, and moved one of his construction trailers onto Parr Street. Shortly thereafter, plaintiff brought suit to enjoin defendants from parking their trailers on Parr Street. Defendants timely filed an answer and coun-

terclaim. Plaintiff moved for summary judgment asserting that no genuine issue of material fact existed as to whether plaintiff had acquired an easement over Parr Street for ingress and egress to the apartments. On 13 June 2002, the trial court granted plaintiff's motion for summary judgment and dismissed defendants' counterclaims. The trial court also ruled that the prior judgment against Yarbrough and Old Town from 1996 was binding on defendants. Defendants appeal.

## II. Issues

The issues are whether the trial court erred in: (1) granting plaintiff's motion for summary judgment on the issue of the existence of an easement, (2) restricting defendants' ability to utilize Parr Street in a manner that is consistent with plaintiff's reasonable use and enjoyment his easement, and (3) holding that the prior 1996 injunction entered against Yarbrough and Old Town is binding on defendants.

## III. Granting of Summary Judgment

**[1]** Defendants assert the trial court improperly granted summary judgment in favor of plaintiff. Rule 56 of the North Carolina Rules of Civil Procedure states that summary judgment will be granted "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2000).

Where the forecast of evidence available demonstrates that a party cannot present a *prima facie* case at trial, no genuine issue of material fact exists and summary judgment is appropriate. *Boudreau v. Baughman*, 322 N.C. 331, 342, 368 S.E.2d 849, 858 (1988). "[I]n ruling on a motion for summary judgment the court does not resolve issues of fact and must deny the motion if there is any issue of genuine material fact." *Singleton v. Stewart*, 280 N.C. 460, 464, 186 S.E.2d 400, 403 (1972).

Defendants assert that the trial court's grant of summary judgment as to the existence and scope of the easement across Parr Street was erroneous. We disagree. The evidence before the trial court clearly showed that plaintiff and tenants of the apartment complex had acquired an easement by dedication and by prior use. Defendants conceded that plaintiff's evidence showed the essential elements of

an easement by prior use. Yarbrough had: (1) common ownership of the dominant and servient parcels of land, (2) use of Parr Street for access to the other part of the land, and (3) that this use was apparent, continuous, and permanent before the transfer of the land. Plaintiff also produced evidence that the easement is reasonably necessary to the use and enjoyment of the apartments located on Lot 104, since it is the only access to the parking lots serving the apartments located on Lot 104.

Defendants conceded that plaintiff's evidence also showed the elements of an easement by dedication. Yarbrough dedicated Parr Street in a recorded plat to be used as a public street. The dedication was accepted by implication by continuous public use for more than thirty-five years. "[A]cceptance may be shown not only by formal action on the part of the authorities having charge of the matter, but, under certain circumstances, by the user as of right on the part of the public. . . ." *Town of Blowing Rock v. Gregorie*, 243 N.C. 364, 368, 90 S.E.2d 898, 901 (1956). No genuine issue of material fact exists that plaintiff acquired an easement over Parr Street and that defendants had actual and record notice of this easement.

## IV. Use of the Parr Street Easement

[2] Defendants assert that the trial court prevented them from utilizing Parr Street in a reasonable manner which does not substantially impede the use of Parr Street by plaintiff and the apartment tenants.

The owner of land subject to an easement has the right to use his land in any manner and for any purpose which is not inconsistent with the reasonable use and enjoyment of the existing easement. *Hundley v. Michael*, 105 N.C. App. 432, 413 S.E.2d 296 (1996). The entire length (300 feet) and width (sixty feet) of Parr Street was dedicated as an easement for vehicular access to the apartment lots. Defendants, the owners of the lot subject to the easement, parked a forty-feet eight-wheeled construction trailer in the middle of Parr Street. This trailer remained parked for ten months until Doub was ordered to remove it by the court. Defendants assert that the placing of a forty-feet eight-wheeled construction trailer in the middle of Parr Street is not inconsistent with the right of ingress or egress to plaintiff's apartment complex.

The trial court ruled that plaintiff and tenants of the apartments had obtained an easement by both dedication and by prior use. He further ruled that plaintiff and his tenants had a right of travel over

Parr Street and enjoined defendants from unreasonably interfering with that right. The trial court granted defendants the right to use the lot under Parr Street, as long as defendants' use did not interfere with the rights of plaintiff and his tenants, and ruled that plaintiff should not interfere with defendants' right to use Parr Street.

After reviewing all the evidence, the trial court ruled that defendants' placement of a forty-feet eight-wheeled construction trailer in the middle of the easement was an unreasonable interference of plaintiff's right of ingress and egress. Evidence that the trailer was parked in the middle of Parr Street and blocked or obstructed plaintiff's and his tenants' access to the apartments, shows no genuine issue exists whether this trailer was an unreasonable interference to plaintiff's right of ingress and egress across Parr Street. Nothing in the trial court's order prohibits defendants from making a reasonable use of their land. It simply prohibits them from interfering with plaintiff's and his tenants' enjoyment of his easement. Defendants' assignment of error is overruled.

## V. Prior Injunction

[3] In North Carolina, an entity that is not a party to a lawsuit cannot be bound by an injunction issued as a result of that litigation, absent the existence of a relationship between a party and the nonparty and notice of the injunction proceeding. *Trotter v. Debnam*, 24 N.C. App. 356, 210 S.E.2d 551 (1975).

North Carolina law requires that persons affected by injunctions are to be given notice before the issuance of an injunction. N.C. Gen. Stat. § 1A-1, Rule 65(a) (2000). Absent notice, the court lacks personal jurisdiction over the nonparty, and the injunction is void to the nonparty. *Helbein v. Southern Metals Co.*, 119 N.C. App. 431, 433, 458 S.E.2d. 518, 519 (1995).

Defendants contend they were not parties to the 1996 action, and were not either officers, agents, servants, employees, or attorneys of any party as defined by Rule 65(d). Defendants deny being in "active concert or participation with a party" to the prior proceedings as defined by Rule 65(d). Defendants also contend they received no notice of the prior lawsuit filed by plaintiff against Yarbrough and Old Town. Plaintiff contends that the trial court did not err in applying the 1996 judgment against defendants because plaintiff filed a new lawsuit against defendants rather than a motion to hold defendants in contempt of the prior judgment.

North Carolina General Statute § 1A-1, Rule 65(d) states:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; <u>shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts enjoined or restrained</u>; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice in any manner of the order by personal service or otherwise.

N.C. Gen. Stat. § 1A-1, Rule 65(d) (2000) (emphasis supplied).

Rule 65(d) of the North Carolina Rules of Civil Procedure is identical to the corresponding Federal Rule of Civil Procedure, except for the requirement that the judge state the reasons for granting the injunction and the acts to be restrained. The rule limits the scope of injunctive power and should not be construed to allow courts to "grant an enforcement order or injunction so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law." *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13, 89 L. Ed. 661, 666 (1945).

Defendants were beneficiaries of a valid and recorded deed of trust on the land under Parr Street prior to the initiation of the lawsuit between plaintiff and Yarbrough and Old Town. Despite record notice, plaintiff failed to provide defendants with notice as required by Rule 65(d). Defendants assert they did not learn of the 1996 injunction until immediately prior to the initiation of this lawsuit. Defendants also contend that a court cannot enlarge the group upon whom an injunction is binding beyond those individuals enumerated in Rule 65(d) of the North Carolina Rules of Civil Procedure.

According to the United States Supreme Court, "the [use of the] term 'successors and assigns' in an enforcement order . . . may not enlarge its scope beyond that defined by the Federal Rules of Civil Procedure." *Id.* at 14, 89 L. Ed. at 666. "Whether one brings himself in contempt as a successor or assign depends on an appraisal of his relations and behavior and not upon mere construction of terms of the order." *Id.* at 15, 89 L. Ed at 667. It is not the successive relationship that subjects a party to the purview of Rule 65(d), but the "relation between the defendant and the successor which might of itself establish liability within the terms of Rule 65(d)." *Id.*

FERRELL v. DOUB

[160 N.C. App. 373 (2003)]

The mere fact that defendants succeeded Yarbrough and Old Town to ownership, through foreclosure of Parr Street, does not cause the prior judgment to be automatically binding upon defendants. Some evidence must exist to support a finding that defendants were "in active concert or participation with one or more of the named parties to the action or their officers, agents, servants, employees, or attorneys." *Trotter*, 24 N.C. App. at 362, 210 S.E.2d at 555. Plaintiff offered and the trial court found none.

Here, the trial court specifically incorporated by reference the 1996 injunction into the 2002 injunction and made all terms of the prior injunction binding upon defendants. The 1996 injunction prevents defendants from conducting any fill activity or construction on Lot 104, Lot 105, and Parr Street and from any construction, excavation or fill activity that would alter or affect the present configuration of the dike or stream.

N.C. Gen. Stat. § 1A-1, Rule 65(d) specifically states the trial court "shall describe in reasonable detail and *not by reference to the complaint or other document*, the act or acts enjoined or restrained." N.C. Gen. Stat. § 1A-1, Rule 65(d) (2000) (emphasis added). The trial court could not make the 1996 injunction binding upon the defendants by incorporating it by reference. We reverse that portion of the trial court's order that purports to bind defendants to the provisions of the 1996 injunction.

## VI. Conclusion

We affirm that portion of the order granting summary judgment to plaintiff on the issue of the existence of an easement across Parr Street and ordering of the removal of the forty-feet eight-wheeled construction trailer. We reverse that portion of the trial court's order purporting to bind defendants to the provisions of the 1996 injunction.

Affirmed in part and reversed in part.

Chief Judge EAGLES and Judge STEELMAN concur.