THOMAS PROCTER, Petitioner v. CITY OF RALEIGH BOARD OF ADJUSTMENT, Respondent

No. COA98-854

(Filed 4 May 1999)

**Parties— intervention—zoning action**

The trial court erred by denying the proposed intervenors' motion to intervene where petitioner sought permission to combine five lots into four for the purpose of building duplexes; the Zoning Enforcement Officer interpreted a setback ordinance to prohibit building; petitioner applied to the Board of Adjustment for a different interpretation or for a special use permit; the proposed intervenors were among those signing an opposing petition filed with the Board; the Board upheld the prior interpretation and denied a special use permit; petitioner filed a writ of certiorari in the trial court, which conducted a hearing and announced its intention to reverse the Board; and the proposed intervenors filed their motion to intervene after learning that the Board did not intend to pursue an appeal. Extraordinary and unusual circumstances exist in this case to allow the proposed intervenors' motion to intervene and they satisfied the prerequisites of being interested parties subject to practical impairment of the protection of that interest and inadequate representation of that interest by existing parties.

Appeal by prospective intervenors Anthony and Kathy Johnson from an order entered 28 May 1998 by Judge Henry V. Barnette, Jr. in Wake County Superior Court. Heard in the Court of Appeals 25 February 1999.

*John F. Oates, Jr. for petitioner-appellee.*

*Hatch, Little & Bunn, L.L.P., by David H. Permar and Tina L. Frazier, for intervenors-appellants.*

**PROCTOR v. CITY OF RALEIGH BD. OF ADJUST.**

[133 N.C. App. 181 (1999)]

WALKER, Judge.

Petitioner owns property between Wade Avenue and Cole Street near the intersection of Wade Avenue and Glenwood Avenue in Raleigh. The property was previously divided into five parcels and petitioner sought permission from the Raleigh Planning Department to recombine the five lots into four for the purpose of building four duplexes on the property. The Zoning Enforcement Officer in the Planning Department denied petitioner's request based on his interpretation of a city ordinance that applies to the Special R-30 zoning district in which the property is located. Section 10-2024(d)(2) of the Raleigh Zoning Ordinance provides in part:

> The minimum district yard setbacks, unless otherwise required by this Code, are:
>
> front yard    The greater of either 15 feet or within ten (10) per cent of the median front yard setback established by buildings on the same side of the block face of the proposed building.

Petitioner's plan called for the duplexes to be built facing Wade Avenue. No other homes on nearby properties face Wade Avenue. The Zoning Enforcement Officer interpreted the section as both a minimum and maximum setback distance because the special zoning district had been created to maintain the "block face" such that the buildings along the block were built similar distances from the street. Because of the peculiar terrain of the petitioner's property, if the setback of fifteen feet were interpreted as both a minimum and maximum, the petitioner would be unable to build as planned.

Petitioner applied to the Raleigh Board of Adjustment for an interpretation of section 10-2024(d)(2) and requested that it be interpreted only as a minimum setback. In the alternative, he sought a special use permit to disregard the setback requirement. At the hearing, the Board of Adjustment heard from both the petitioner and residents of the area who opposed the project. In addition, petitions were filed with the Board of Adjustment with the signatures of fifty-three neighbors who opposed the interpretation and the special use permit. Proposed intervenors, Anthony and Kathy Johnson, signed the petition. The Board upheld the prior interpretation and denied the special use permit on multiple grounds.

Petitioner then filed a petition for writ of certiorari in the trial court. On 24 April 1998, the trial court conducted a hearing after

**PROCTOR v. CITY OF RALEIGH BD. OF ADJUST.**

[133 N.C. App. 181 (1999)]

which it announced its intention to reverse the Board of Adjustment. After learning that the Board of Adjustment did not intend to pursue an appeal of the trial court's order, the proposed intervenors filed their motion to intervene on 29 April 1998. The trial court's order reversing the Board of Adjustment was entered 30 April 1998. At a hearing on 28 May 1998, the trial court denied the motion to intervene, finding that it was not timely.

The proposed intervenors assign as error the trial court's denial of their motion to intervene. They argue that their motion was timely because they had monitored the progress of the case throughout its course and felt that the Board of Adjustment was adequately representing their interest. Further, that only after learning the Board of Adjustment did not plan to appeal the ruling of the trial court did the interest of the proposed intervenors and the Board diverge.

Rule 24 of the North Carolina Rules of Civil Procedure governs intervention in civil actions:

(a) *Intervention of right.*—Upon timely application anyone shall be permitted to intervene in an action:

. . .

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

N.C. Gen. Stat. § 1A-1, Rule 24(a)(2) (1990). The question of whether an application to intervene is timely is left to the discretion of the trial court who will consider the following factors: (1) the status of the case, (2) the possibility of unfairness or prejudice to the existing parties, (3) the reason for the delay in moving for intervention, (4) the resulting prejudice to the applicant if the motion is denied, and (5) any unusual circumstances. *State Employees' Credit Union, Inc. v. Gentry*, 75 N.C. App. 260, 330 S.E.2d 645 (1985). In situations where a judgment has been entered, motions to intervene are granted only upon a finding of "extraordinary and unusual circumstances" or a "strong showing of entitlement and justification." *Id.* at 264, 330 S.E.2d at 648.

In light of the factors listed above in *Gentry*, we conclude that extraordinary and unusual circumstances exist in this case to allow proposed intervenors' motion to intervene as timely. *See, e.g., Watson v. Ben Griffin Realty and Auction*, 128 N.C. App. 61, 493 S.E.2d 331 (1997) (Walker, J., concurring); *State v. Smith*, 130 N.C. App. 600, 503 S.E.2d 674 (1998); *Black v. Central Motor Lines, Inc.*, 500 F.2d 407 (4th Cir. 1974); *Wolpe v. Poretsky*, 144 F.2d 505 (D.C. Cir. 1944). From the beginning of this matter, proposed intervenors have been involved in the ongoing proceedings. They appeared at the hearing before the Board of Adjustment and acknowledged their opposition to the proposed plans and in support of the Planning Department's interpretation of the zoning ordinance by their signing of the petition. When petitioner sought review by certiorari in the trial court, the proposed intervenors learned that the Board of Adjustment would defend its decision thereby also representing their interests in the matter. However, only after the trial court reversed the Board of Adjustment did the Board decide not to pursue an appeal. The proposed intervenors then acted timely by filing their motion to intervene in order to have standing to appeal.

Once a motion is deemed timely, three prerequisites must be met for a party to establish its right to intervene: (1) an interest relating to the property or transaction, (2) practical impairment of the protection of that interest, and (3) inadequate representation of the interest by existing parties. *State ex rel. Long v. Interstate Casualty Ins. Co.*, 106 N.C. App. 470, 473, 417 S.E.2d 296, 299 (1992). In this case, proposed intervenors meet all three requirements. The proposed intervenors are interested parties as this proposed development would impact the special character of their neighborhood. Further, as the proposed intervenors reside at 510 Cole Street and the subject property is located at 514 Cole Street, the proposed building plan could affect the proposed intervenors' use and enjoyment of their property. The protection of that interest is impaired by the Board of Adjustment's decision not to proceed with the action, and proposed intervenors' interest is no longer adequately represented by the Board.

For all the reasons stated, we reverse the order of the trial court denying the proposed intervenors' motion to intervene and remand for entry of an order allowing proposed intervenors' motion to intervene for the purpose of appealing the trial court's order of 30 April 1998.

Reversed and remanded.

Judges JOHN and McGEE concur.