JOHN H. COUNCILL, Petitioner v. TOWN OF BOONE BOARD OF ADJUSTMENT and FRED HAY, ETHEL SIMPSON, LORI NICKLIN, RICK FOSTER, JERRY KIRKSEY, DIANA PERRY, LEE STROUPE and O.K. WEBB, Members of the TOWN OF BOONE BOARD OF ADJUSTMENT, Respondents

No. COA00-1023

(Filed 4 September 2001)

**1. Appeal and Error— mootness of appeal—consent judgment after motion to intervene**

The Court of Appeals denied a motion to dismiss an appeal as moot where plaintiff alleged that the defendant board of adjustment improperly denied his application for a conditional use permit, neighbors filed a motion to intervene, that motion was denied, and plaintiff and the board entered into a consent judgment allowing issuance of a conditional use permit. Preventing the issuance of the permit was not the sole object of the motion to intervene or of the appeal; the issues raised include whether the consent judgment is contrary to law.

**2. Parties— motion to intervene—standing**

The trial court erred by denying a motion to intervene in an action involving the issuance of a conditional use permit where the court concluded that the proposed intervenors had not sustained damages distinct from the rest of the community, but they alleged that the permit would result in increased traffic, significant risks to the health and safety of the intervenors and their families, and a reduction in the value of their property. There being no allegations or evidence to the contrary, all three requirements of Rule 24 have been satisfied and appellants had standing to intervene.

Appeal by proposed intervenors from order entered 30 May 2000 by Judge Loto G. Caviness in Watauga County Superior Court. Heard in the Court of Appeals 30 May 2001.

*Clement & Yates, by Charles E. Clement and David W. Yates, for petitioner-appellee.*

*David R. Paletta, for respondents-appellees.*

*Don Willey, for intervenors-appellants.*

HUDSON, Judge.

Proposed intervenors Barbara Speir, Barbara Talman, and Barbara Hudnall ("appellants") appeal from an order entered 30 May 2000 denying their motion to intervene in an action between petitioner John H. Councill ("Councill") and respondents Town of Boone Board of Adjustment and members thereof ("the Board"). We deny the Board's motion to dismiss this appeal as moot, reverse the denial of appellants' motion to intervene, and remand.

The pertinent procedural history is as follows. On 23 March 2000, Councill filed a "Petition for Writ of Certiorari" in Watauga County Superior Court pursuant to N.C. Gen. Stat. § 160A-388(e) (1999). Councill's petition alleges that he is the owner and developer of a tract of land located in Boone, North Carolina ("the property"), that he filed an "Application for Conditional Use Permit" with the Board on 30 November 1999 seeking a permit to construct a single family residential development on the property, and that the Board improperly denied his application. On 4 May 2000, appellants filed a "Motion to Intervene and Motion for Stay" with the superior court pursuant to North Carolina Rule of Civil Procedure 24. This motion alleges that appellants are citizens, residents, and taxpayers of Boone, that they own real estate in close proximity to Councill's property, and that the Board properly denied Councill's application. The motion also alleges that "the Town of Boone Board of Adjustment, through counsel, intends to settle this lawsuit by illegally modifying, amending or withdrawing its previous denial of the petitioner's application for a conditional use permit." The motion requests that the court stay the proceedings pending a hearing on the merits of the motion to intervene, that the court allow the motion to intervene, and that the court ultimately uphold the Board's denial of Councill's application.

On 30 May 2000, the superior court entered an order denying the motion to intervene, finding that appellants "have not sustained special damages that are distinct from the rest of the community," and that appellants therefore "lack standing to become a party in this action." On the same day, the superior court entered a "Consent Judgment," signed by counsel for Councill and the Board, reversing the Board's denial of Councill's application, and remanding the matter to the Board for approval of the permit. Appellants appeal from the denial of their motion to intervene.

I.

**[1]** The Board has filed a motion to dismiss this appeal, arguing that the appeal is moot because the underlying controversy between Councill and the Board has been resolved pursuant to the consent judgment entered on 30 May 2000. Our Supreme Court has explained the mootness doctrine as follows:

> Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law.

*In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). The Board relies primarily upon the case of *Estates, Inc. v. Town of Chapel Hill*, 130 N.C. App. 664, 504 S.E.2d 296 (1998), *disc. review denied*, 350 N.C. 93, 527 S.E.2d 664-65 (1999), to support its argument. In *Estates*, the Chapel Hill Town Council (the "Town Council") denied the petitioners' application for a special use permit. The petitioners filed a petition for review in the nature of certiorari pursuant to N.C. Gen. Stat. § 160A-381 (1999). Individual owners of property in the immediate vicinity of the petitioners' proposed development filed a motion to intervene, which was granted. By order filed 15 May 1997 and modified effective 3 June 1997, the superior court reversed the Town Council's denial of the petitioners' application and directed the Town Council to approve the application and issue the permit. The intervenors filed notice of appeal with this Court on 5 June 1997. On 9 June 1997, the Town Council issued the permit to petitioners. On appeal, the petitioners moved to dismiss the appeal, arguing that because the Town Council had issued the permit, the questions raised in the appeal had become moot. We agreed with the petitioners' argument because the intervenors in their appeal only assigned error to the superior court's reversal of the Town Council's denial of the special use permit; we specifically noted that "Intervenors have *not* assigned error to the superior court's order that the Town Council issue the special use permit." *Estates*, 130 N.C. App. at 668, 504 S.E.2d at 300. Thus, we stated:

> Our review of this case is limited to determining whether the Town Council's quasi-judicial decision to deny the permit in the first place was lawful. A reversal of the superior court's ruling by this Court would have the limited effect of affirming the

Council's initial denial of petitioners' request for a special use permit. It would do nothing to invalidate the permit later issued voluntarily by the Council pursuant to the superior court's mandate.

*Id.* (citation omitted). We also distinguished the facts in *Estates* from the facts in *Ferguson v. Riddle*, 233 N.C. 54, 62 S.E.2d 525 (1950). In *Ferguson*, the plaintiffs brought suit against a local Board of Elections, arguing that a scheduled vote, if held, would be unlawful and void. On appeal from the superior court's ruling against the plaintiffs, our Supreme Court held that the fact that the election had already been held following the superior court's ruling did not moot the issues in the plaintiffs' appeal. The Court noted that "restraining the election was not the sole object" of the plaintiffs' case; the plaintiffs had also "alleged that the election, if called and held on the date named, . . . would be illegal and void." *Id.* at 56, 62 S.E.2d at 527. This Court in *Estates* concluded by stating: "Intervenors' purpose in bringing their appeal was, plainly, to prevent the special use permit from being issued to petitioners. That relief can no longer be granted in this case. The issues raised in intervenor's [sic] appeal are therefore moot, and we will not address them." *Estates*, 130 N.C. App. at 669, 504 S.E.2d at 300.

We find the present facts to be more analogous to those in *Ferguson* than to those in *Estates*. Here, preventing the Board from issuing a permit to Councill was not the sole object of appellants' motion to intervene in the action, and is not now their sole object in appealing to this Court. In addition to alleging on appeal that they have standing to intervene and should be made parties to this case, appellants have consistently maintained: (1) that any settlement entered into between the Board and Councill constitutes a violation of N.C.G.S. § 160A-388(e), local ordinance, and appellants' due process rights; and (2) that the superior court exceeded its authority and the proper scope of review by entering the consent judgment. Based upon these allegations, appellants contend that the consent judgment is invalid and must be vacated. Because the permit was issued pursuant to the consent judgment, and because the issues raised by appellants include whether that consent judgment is contrary to law and must be vacated, we believe the fact that the Board has issued a permit to Councill does not moot the issues raised by appellants. The Board's motion to dismiss this appeal is, therefore, denied.

COUNCILL v. TOWN OF BOONE BD. OF ADJUST.

[146 N.C. App. 103 (2001)]

## II.

**[2]** Having determined that this appeal has not been rendered moot, we proceed to examine the primary issue raised by this appeal: whether the trial court erred in its finding that "intervenors have not sustained special damages that are distinct from the rest of the community," and in its conclusion that, therefore, "intervenors lack standing to become a party in this action." Appellants correctly moved to intervene pursuant to Rule 24 of the North Carolina Rules of Civil Procedure, which provides:

(a) *Intervention of right.*—Upon timely application anyone shall be permitted to intervene in an action:

. . .

(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

N.C.R. Civ. P. 24(a)(2). We believe Rule 24 governs intervention in all civil actions, including appeals pursuant to N.C.G.S. § 160A-388(e). *See Proctor v. City of Raleigh Bd. of Adjust.*, 133 N.C. App. 181, 183, 514 S.E.2d 745, 746 (1999).[1] The following three requirements must be met in order for a party to be granted intervention as a matter of right: "(1) an interest relating to the property or transaction, (2) practical impairment of the protection of that interest, and (3) inadequate representation of the interest by existing parties." *Id.* at 184, 514 S.E.2d at 747.

Here, in appellants' verified motion to intervene, and in a supplemental affidavit signed by one of the appellants, appellants alleged that approval of Councill's application for a conditional use permit would: (1) result in an increase of traffic volume by more than a factor of nine (from approximately 100 automobile trips per day to approximately 964); (2) cause significant risks to the health and safety of appellants and their families; and (3) cause a reduction in

---

1. We are aware that a similar case from this Court, *Lloyd v. Town of Chapel Hill*, 127 N.C. App. 347, 489 S.E.2d 898 (1997), holds that a party seeking to intervene in an action brought pursuant to N.C.G.S. § 160A-388(e) must be an "aggrieved" party. However, we believe that Rule 24, as applied in *Proctor*, is the applicable standard for intervention in all civil actions.

the fair market value of their property. The Board did not present any evidence to negate these allegations. We hold that such undisputed allegations are sufficient to establish that appellants are interested parties. As to the second and third requirements—a practical impairment of the protection of the party's interest and inadequate representation of that interest by existing parties—appellants alleged that the Board intended to settle the dispute with Councill without appellants' input, and that the Board intended to issue a permit to Councill. There being no allegations or evidence to the contrary, we hold that all three requirements of Rule 24 have been satisfied and appellants have standing to intervene. We therefore reverse the trial court's 30 May 2000 order denying appellants' motion to intervene.

III.

Having determined that this appeal is not moot, and that appellants' motion to intervene was improperly denied, we turn to the remaining argument in appellants' brief. Appellants contend that the consent judgment between Councill and the Board is invalid and must be vacated. Appellants argue that the superior court was without authority to enter the consent judgment, and that such a consent judgment is illegal and void. Appellants are correct that the superior court sitting as an appellate court in an appeal pursuant to N.C.G.S. § 160A-388(e) has a limited scope of review. The superior court's review in such a situation is limited to:

"(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insuring that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious."

*Simpson v. City of Charlotte*, 115 N.C. App. 51, 54, 443 S.E.2d 772, 775 (1994) (quoting *Concrete Co. v. Board of Commissioners*, 299 N.C. 620, 626, 265 S.E.2d 379, 383 (1980)). It is also true that a board

COUNCILL v. TOWN OF BOONE BD. OF ADJUST.

[146 N.C. App. 103 (2001)]

of adjustment engages in illegal contract zoning when it enters into a bilateral contract with a landowner who seeks a conditional use permit, thereby abandoning its role as an independent decision-maker. *See Chrismon v. Guilford County*, 322 N.C. 611, 636, 370 S.E.2d 579, 594 (1988). However, we decline to address appellants' final argument regarding the legality of the consent judgment because we believe the interests of justice would be better served by allowing all parties to the action an opportunity to fully argue the merits of this issue.

For the foregoing reasons, we deny the Board's motion to dismiss this appeal, reverse the order of the superior court denying appellants' motion to intervene, and remand to the superior court for further proceedings consistent with this opinion. *See Proctor*, 133 N.C. App. at 184, 514 S.E.2d at 747.

Reversed and remanded.

Judges MARTIN and HUNTER concur.