STROUD, Judge.
Michael and Marie Long, proposed intervenors, appeal the trial court's order denying their motion to intervene. Because defendant Currituck County does not adequately represent the interests of the Longs, we reverse and remand.
I. Background
The background of this case may be found in two prior opinions from this Court. See Letendre v. Currituck County. --- N.C. App. ----, --- S.E.2d ---- (May 15, 2018) (COA17-1108) ("Letendre I "), temporary stay allowed , --- N.C. ----, 814 S.E.2d 111 (2018) ; Long v. Currituck County , --- N.C. App. ----, 787 S.E.2d 835, disc. review dismissed , 369 N.C. 74, 793 S.E.2d 222, stay dissolved, writ of supersedeas denied, disc. review denied , 369 N.C. 74, 793 S.E.2d 232 (2016). In Long , Michael and Marie Long ("Longs"), proposed intervenors herein, appealed two orders from the trial court which upheld the Currituck County Board of Adjustment's decision to allow plaintiff Elizabeth Letendre to build a 15,000 square foot project comprised of three buildings on her property adjacent to the Longs' property. See Long , --- N.C. App. at ----, 787 S.E.2d at 836. The primary question before this Court was whether Currituck County had properly classified plaintiff's proposed project as a "Single Family Dwelling" under the Currituck County Uniform Development Ordinance ("UDO"); this Court determined the project was not a Single Family Dwelling as defined by the UDO and reversed and remanded the trial court's order, concluding:
this project includes multiple "buildings," none of which are "accessory structures;" see UDO § 10.34. Any determination that this project fits within the definition of Single Family Dwelling requires disregarding the structural elements of the definition, including the singular "a" at the beginning of the definition to describe "building" and allowing multiple attached "buildings," none of which are accessory structures, to be treated as a Single Family Dwelling in clear contravention of the UDO. UDO § 10.51. The project does not fit within the plain language of the definition of Single Family Dwelling, and thus is not appropriate in the SF District. See UDO §§ 3.4.4; 10.51. We therefore must reverse the Superior Court order and remand for further proceedings consistent with this opinion.
Id. at ----, 787 S.E.2d at 841.
While the appeal was pending in Long , plaintiff obtained a building permit and began construction of her project. See Letendre I , --- N.C. App. at ----, --- S.E.2d at ----, *10 (2018). After this Court issued its opinion in Long , defendant Currituck County issued a Stop Work Order and Notice of Violation in compliance with this Court's opinion in Long . Id. at ----, --- S.E.2d at ----, *1-2. On 27 March 2017, plaintiff Letendre filed this lawsuit against defendant Currituck County "seeking a declaratory judgment, preliminary injunction, permanent injunction, monetary damages, and attorney fees." Id. at ----, --- S.E.2d at ----, *2.[1] Plaintiff Letendre sought to enjoin defendant Currituck County from enforcing its UDO so that she could complete and use the project, or in the alternative, monetary damages for inverse condemnation of her property. Id. at ----, --- S.E.2d at ----, *2, 56. On 25 May 2017, the Longs filed a motion to intervene in this case, plaintiff Letendre's action against defendant Currituck County, and on 18 September 2017, they filed an amended motion. On 9 October 2017, the trial court denied the motion "in its original form and as amended[.]" The Longs appeal.
II. Interlocutory Order
Proposed intervenors acknowledge that their appeal is interlocutory since it is not a final judgment:
An order is either interlocutory or the final determination of the rights of the parties. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy..... As a general proposition, only final judgments, as opposed to interlocutory orders, may be appealed to the appellate courts. Appeals from interlocutory orders are only available in exceptional cases. Interlocutory orders are, however, subject to appellate review:
if (1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed.
The appealing party bears the burden of demonstrating that the order from which he or she seeks to appeal is appealable despite its interlocutory nature.
Hamilton v. Mortg. Info. Servs., Inc. , 212 N.C. App. 73, 76-77, 711 S.E.2d 185, 188-89 (2011) (citations and quotation marks omitted).
The order here is not certified, so proposed intervenors "bear[ ] the burden of demonstrating that" "the order deprives ... [them] of a substantial right that would be lost unless immediately reviewed." Id. at 77, 711 S.E.2d at 189.
The test for whether a substantial right has been affected consists of two parts: (1) the right itself must be substantial; and (2) the deprivation of that substantial right must potentially work injury to the appealing party if not corrected before appeal from final judgment. Whether a substantial right is affected is determined on a case-by-case basis and should be strictly construed.
Builders Mut. v. Meeting Street Builders , --- N.C. App. ----, ----, 736 S.E.2d 197, 199 (2012) (citations, quotation marks, and brackets omitted).
The Longs contend they have a substantial right based upon the effects of plaintiff Letendre's project on their adjacent real property, and, if they are not allowed to intervene, the resolution of this case may cause injury to their rights as they would be unable to appeal or challenge any final order or resolution if they are are not parties. The Longs allege that if plaintiff Letendre is successful in this case, "the Letendre project will cause adverse secondary effects to the Longs' adjacent property, including but not limited to a diminution of the value of their property." In Long , defendant Currituck County had approved plaintiff Letendre's project, but the Longs challenged this approval. See generally Long , --- N.C. App. ----, 787 S.E.2d 835. In the Long case, plaintiff Letendre and defendant Currituck County were on the same side of the case, opposed to the Longs. See generally id. Only after this Court's opinion in Long did defendant Currituck County take the same position as the Longs. See Letendre I , --- N.C. App. at ----, --- S.E.2d at ----, *2.
In this case, plaintiff Letendre is a private citizen contending that defendant Currituck County has violated her rights. See Letendre I, --- N.C. App. ----, --- S.E.2d ----. Plaintiff Letendre is seeking not only monetary damages from defendant Currituck County, but she also seeks an injunction to prevent defendant Currituck County from enforcing Long and to "deem" her project to be a Single Family Dwelling so it may be constructed and occupied within the Single Family Residential Outer Banks Remote District. See generally id. --- N.C. App. ----, --- S.E.2d ----. The trial court essentially recognized the Longs' substantial right, even in its order denying intervention, since the trial court determined the Longs have "a direct and immediate interest relating to the property or transaction" and "denying intervention would result in a practical impairment of the protection of that interest[.]" Harvey Fertilizer & Gas Co. v. Pitt Cty. , 153 N.C. App. 81, 85, 568 S.E.2d 923, 926 (2002). Because the Longs have a substantial interest in ensuring that both plaintiff Letendre and defendant Currituck County comply with Long and because plaintiff Letendre seeks, as a practical matter, to overturn Long in this case, we conclude the Longs have demonstrated a substantial right as their property "right itself ... [is] substantial; and ... the deprivation of that substantial right [would] potentially work injury to ... [them] if not corrected before appeal from final judgment." Builders Mut. , --- N.C. App. at ----, 736 S.E.2d at 199. We will therefore consider the Longs' appeal.
III. Motion to Intervene
The Longs first contend that the trial court erred in denying their "motion to intervene as a matter of right under N.C. R. Civ. P. 24(a) [.]" (Original in all caps.)
N.C. Gen. Stat. § 1A-1, Rule 24(a) provides that a third party may intervene as a matter of right:
(1) When a statute confers an unconditional right to intervene; or
(2) When the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
N.C.G.S. § 1A-1, Rule 24(a) (2001). To satisfy the requirements of Rule 24(a)(2), our Supreme Court has recently stated that an intervening party must show that (1) it has a direct and immediate interest relating to the property or transaction, (2) denying intervention would result in a practical impairment of the protection of that interest, and (3) there is inadequate representation of that interest by existing parties.
Harvey Fertilizer & Gas Co. v. Pitt Cty. , 153 N.C. App. 81, 85-86, 568 S.E.2d 923, 926 (2002) (citations and quotation marks omitted). The Longs do not contend they have "an unconditional right to intervene" so they are proceeding under (a)(2). See id. In Harvey , this Court addressed prior inconsistencies with our standard of review and clarified that we review the trial court's ruling on intervention de novo :
[W]e believe the de novo standard to be the better approach. In that our appellate courts have not heretofore adopted a specific standard of review for N.C.G.S. § 1A-1, Rule 24(a)(2) decisions, we expressly adopt the de novo standard. Furthermore, this explicit adoption of the de novo standard comports with the past decisions of our State's appellate courts in reviewing N.C.G.S. § 1A-1, Rule 24(a)(2) decisions.
153 N.C. App. at 89, 568 S.E.2d at 928.
Here, the trial court's order determined the Longs met the first and second prongs of (a)(2) because they have "a direct and immediate interest relating to the property or transaction" and "denying intervention would result in a practical impairment of the protection of that interest[,]" id. at 85, 568 S.E.2d at 926, but concluded the Longs did not meet the third prong: "[T]he Proposed Intervenors have met the first two requirements for Intervention of Right pursuant to Rule 24(a)(2), they have failed to meet their burden of demonstrating that their interests are not adequately represented by the existing parties to this action[.]" Plaintiff Letendre argues the Longs do not have "an interest sufficient for intervention in this case" and "[t]he unsupported fear of a diminished property value is too speculative to warrant intervention[,]" but the trial court's order determined otherwise on the first two prongs of North Carolina General Statute § 1A-1, Rule 24(a)(2), and plaintiff Letendre did not cross-appeal the trial court's order. Only the Longs have appealed, so the only issue before this Court is whether "there is inadequate representation of [the Longs'] interest by existing parties." Id.
Plaintiff Letendre also contends that the Longs failed to properly plead inadequately aligned interests with defendant Currituck County because they did not state in sufficient detail why defendant Currituck County's interests are different from their own. We disagree, as the Longs' motion alleged their "special damages" which included "increased noise and lighting, increased safety concerns, increased traffic and a negative impact on aesthetics." The Longs also argued plaintiff Letendre's proposed project would "completely block" their "view of the ocean toward the northeast." These "special damages" enumerated are interests specific to the Longs as adjacent property owners, but not defendant Currituck County.
On appeal, the Longs contend that their interests are not adequately represented by defendant Currituck County. Plaintiff Letendre argues defendant Currituck County's "defense of the UDO-the goal of which is to have the UDO upheld-adequately protects the Longs' same interest, which is also to have the UDO upheld." But the Longs and defendant Currituck County have other interests as well which are quite different. Plaintiff Letendre's argument entirely ignores the "special damages" unique to the Longs as adjacent property owners. While both the Longs and defendant Currituck County seek to the have the UDO upheld and to ensure compliance with this Court's opinion in Long , defendant Currituck County concurs with the Longs and explains the difference in their positions:
[T]he County's defenses, and its interests in upholding its ordinance, have nothing to do with the purely "parochial" or "personal" interests of any particular landowner-like the Longs-in the SFR District. Rather, the County's sole litigation interests are to protect the "public welfare" and the interests of its "general citizenry" to enact reasonable zoning restrictions on behalf of the common good of the County.
In contrast, the Longs, as an adjacent neighbor of Plaintiff's property, have different interests from the County in the instant litigation. There interests are entirely "parochial" and "personal," which have nothing to do with the interests of the overall "public welfare" and "general citizenry" sought to be vindicated by the County as a "sovereign" for the benefit of its citizens are large. For the Longs, they allege "special damages" to their property if Plaintiff is adjudicated as exempt from the single-family detached dwelling requirement due to adverse secondary effects on the Longs' property in the form of: (i) increased noise; (ii) increased lighting; (iii) increased traffic; (iv) negative impacts on aesthetics, including partial blocking of ocean views; (v) potential fire hazards; (vi) potential adverse effects on water supply; and (vii) overall negative impacts on the quiet use and reasonable enjoyment of the Longs' property.
Because defendant Currituck County's "sole litigation interests are to protect the 'public welfare' and the interests of its 'general citizenry' " there are many decisions it might make which would not be aligned with the interests of the Longs. For example, this is the third appeal to this Court regarding this property and Letendre I is currently pending at our Supreme Court; defendant Currituck County could make a financial decision not to proceed with litigation and agree to a settlement with plaintiff Letendre which would not protect the Longs' interests. The Longs argue, and the record reflects, that plaintiff Letendre and defendant Currituck County have already "been engaged in settlement negotiations which have not included the Longs and which could result in dismissal of the lawsuit" without protecting the Longs' interests. This Court has previously recognized that the risk of settlement of case between a landowner and a Board of Adjustment, without the participation of a landowner "in close proximity" who sought to intervene, demonstrated that the Board of Adjustment could not adequately represent the interests of the proposed intervenor. See Councill v. Town of Boone Bd. of Adjust. , 146 N.C. App. 103, 104-08, 551 S.E.2d 907, 908-10 (2001) ("As to the second and third requirements-a practical impairment of the protection of the party's interest and inadequate representation of that interest by existing parties-appellants alleged that the Board intended to settle the dispute with Councill without appellants' input, and that the Board intended to issue a permit to Councill. There being no allegations or evidence to the contrary, we hold that all three requirements of Rule 24 have been satisfied and appellants have standing to intervene.").
Plaintiff Letendre is also seeking monetary damages from defendant Currituck County, but the Longs are not subject to any potential claim for monetary damages in this case. The Longs seek compliance with the UDO as written and interpreted by Long . It is not necessary that the Longs and defendant Currituck County have entirely different interests, and their incentives may be different. See Wichnoski v. Piedmont Fire Prot. Sys., LLC , --- N.C. App. ----, 796 S.E.2d 29, 40 (2016) ("As Main Street observed at the hearing on its motion to intervene, Plaintiffs may have little incentive to use their resources to seek damages beyond what is necessary to make themselves whole. This proposition does not require an assumption that Plaintiffs would act in bad faith in their efforts to recover on Main Street's behalf; it merely acknowledges that they may encounter practical limitations that Main Street's participation could alleviate. Main Street alleged it has all the resources to pay for a fire protection engineering expert and to assist in bearing Plaintiffs' costs. Finally, Plaintiffs' opposition to Main Street's effort to intervene indicates that, at minimum, Plaintiffs' and Main Street's interests are not entirely aligned." (quotation marks, ellipses, and brackets omitted) ), disc. review allowed sub nom. David Wichnoski, O.D., P.A. v. Piedmont Fire Protection Systems, LLC and Shipp's Fire Extinguisher Sales and Services, Inc. , 370 N.C. 64, 802 S.E.2d 733 (2017), appeal withdrawn , 370 N.C. 691, 809 S.E.2d 889 (2018). We agree with the Longs and defendant Currituck County that the County does not have the same interests as the Longs as private property owners.
Plaintiff Letendre also contends that "lack of participation in this case does not impede [the Longs] ability to protect whatever speculative or indirect interests they may have" as they have by "means other than intervention." Plaintiff Letendre contends "[a]ny issues the Longs may face with noise, lighting, safety, traffic, or aesthetics are addressed in the County's ordinances, through law enforcement, or with claims for damages and nuisance." First, as discussed above, the trial court determined the Longs' interests are not "speculative or indirect" and that issue is not before us on appeal. Furthermore, if the trial court should ultimately make a final ruling adverse to defendant Currituck County in this case, it is likely that any effort by the Longs to seek relief may then be foreclosed. Considering the contentious history of the project and plaintiff Letendre's multiple attempts to not comply with the UDO, intervention in this action is likely the only way the Longs can seek to protect their interests. We also do not agree that the Longs should be required to file yet another lawsuit after this one is resolved to try to protect their interests. "The interests of judicial economy and efficiency weigh in favor of suits that will settle all of the issues in the underlying controversy." Coca-Cola Bottling Co. Consol. v. Durham Coca-Cola Bottling Co. , 141 N.C. App. 569, 578, 541 S.E.2d 157, 163 (2000). Because defendant Currituck County admittedly cannot provide adequate representation of the Longs' interests, we conclude the Longs should have been allowed to intervene as a matter of right under Rule 24(a)(2). We therefore will not address their arguments for intervention under Rule 24(b).
IV. Conclusion
Because we conclude that the interests of the Longs are not adequately represented by defendant Currituck County, we reverse and remand the trial court's order.
REVERSED and REMANDED.
Report per Rule 30(e).
Judges ZACHARY and MURPHY concur.

At the trial level plaintiff Letendre was granted a preliminary injunction, but upon appeal to this Court, the injunction was reversed and the case remanded because this Court concluded plaintiff Letendre was unlikely to succeed on any of her underlying claims. See Letendre I , --- N.C. App. ----, --- S.E.2d ----. Plaintiff Letendre was allowed a temporary stay at the Supreme Court, and thus the issues in Letendre I are currently pending before that Court, the substance of which has no direct effect on the appeal before us. See Letendre I , --- N.C. ----, 814 S.E.2d 111.